## THE STATE, *Appellant*, v. BREGARD.

1. **Pleading, Criminal**: KEEPING BAWDY HOUSE. An indictment for keeping a bawdy house is well enough if it follows the language of the statute.

2. ———. Where a statute uses disjunctive language in defining an offense, an indictment under it may be drawn in the conjunctive.

*Appeal from Jackson Criminal Court.*—HON. H. P. WHITE, Judge.

REVERSED.

*D. H. McIntyre,* Attorney General, for the State

*Tichenor & Warner* for respondent.

SHERWOOD, J.—The indictment charged that defendant on, etc., at, etc., " did unlawfully set up and keep a common bawdy house." The indictment is well enough, since it follows the language of the statute on which it is bottomed. R. S. 1879, p. 270, § 1550.

The only particular in which the precise language of the statute is not followed, is in the substitution of the word *and* for the word *or;* but this is proper as recently

decided by this court. *State v. Pittman, ante*, p. 56. The authorities cited by the State fully sustain the validity of the indictment. Therefore, judgment reversed and cause remanded. All concur.