The State v. Brooks.

---

## THE STATE v. BROOKS, *Appellant.*

1.  **Criminal Law:** INDICTMENT.    An indictment which begins, "The grand jury summoned from the body of Taney county, Missouri, duly empaneled," etc., is not fatally defective, where it sufficiently appears from the record that it was preferred by a lawful grand jury to a court of competent jurisdiction.

2.  —— : —— : PRACTICE.    The objection that an indictment is not endorsed, "a true bill," where it is signed by the foreman of the grand jury as such, comes too late after verdict.    Advantage of the omission should have been taken by motion to quash.

*Appeal from Taney Circuit Court.*—HON. W. F. GEIGER, Judge.

AFFIRMED.

*Jas. R. Vaughn* for appellant.

(1)   The indictment and prosecution were not in the name of the state of Missouri.    The indictment was not found and returned by a grand jury representing the state of Missouri, and for these reasons appellant's objection to the testimony, and his motion in arrest, should have been sustained.    Const. of Mo., art. 6, sec. 38 ; *State v. Cutter*, 65 Mo. 503.    (2) The indictment was not endorsed, "a true bill," by the foreman of the grand jury, nor was the same returned into court by a body authorized, as shown by the record in this case, to initiate prosecutions.    The present law upon this subject is different from that contained in the

statute of 1865, and prior statutes. R. S., secs. 1795 and 1798.

*B. G. Boone*, Attorney General, for the state.

(1) Where it appears from the record that an indictment was preferred by a lawful grand jury to a court of competent jurisdiction, and it is otherwise good, it will not vitiate. it if the commencement is wholly omitted. *State v. Daniels*, 66 Mo. 205. *State v. Cutter*, 65 Mo. 503, it is held that an indictment which purports on its face to be found by "the grand jurors of the county of Wayne, in the state of Missouri," is bad. (2) The failure of the foreman of the grand jury to prefix before his name, as foreman, the words, "a true bill," does not vitiate the indictment. It is not a defect or imperfection tending, in any way, to prejudice the substantial rights of the defendant. R. S., sec. 1821; 1 Bish. Cr. Proc. [3 Ed.] sec. 698; *State v. Kinney*, 81 Mo. 101. This court has held (*State v. Bruce*, 77 Mo. 193), that no paper can be regarded as an indictment without the signature of the prosecuting attorney, and the certificate of the foreman of the grand jury that it is a true bill. This ruling is in compliance with the requirements of section 1798, Revised Statutes. This section was enacted, so far as it relates to the signature of the foreman, that the indictment might show, on its face, that the requisite number of grand jurors had concurred in its finding. *State v. Bruce, supra.* In the case at bar, this requirement is substantially complied with; while the words, "a true bill," are omitted, the name of the foreman, followed by the words, "foreman of the grand jury," appear at the foot of the indictment. This, we contend, is a sufficient compliance, not only with section 1795, but also section 1798, Revised Statutes. This objection to the indictment was not raised until the case reached this court. After a defendant has been convicted upon an indictment not

properly certified by the foreman of the grand jury, it is too late to raise this objection for the first time in the appellate court. It must be raised by a motion to quash. *State v Mertens*, 14 Mo. 94; *State v. Burgess*, 24 Mo. 381; *State v. Hogan*, 31 Mo. 342; *State v. Murphy*, 47 Mo. 275; *State v. Harris*, 73 Mo. 287.

NORTON, C. J.—Defendant was tried in the circuit court of Taney county, and convicted of an assault with intent to kill, and his punishment assessed at a fine of one hundred dollars, from which defendant appealed, after making an unsuccessful motion in arrest of judgment, in which it is alleged that the indictment is insufficient. So much of the indictment as is objected to is as follows:

"State of Missouri, } In the Circuit Court of Taney
"County of Taney, } Co., October Term, 1883.

"The grand jury, summoned from the body of Taney county, Missouri, duly empaneled," etc. (The correctness of the body of the indictment is not questioned).

The specific objection insisted upon is, that it does not appear that the grand jury finding the indictment was a grand jury for the state of Missouri. While it would have been more formal if the indictment had read: "The grand jury for the state of Missouri, summoned from the body of the county of Taney, duly empaneled," etc., the omission to follow that form is not fatal, provided it sufficiently appears from the record that the indictment was preferred by a lawful grand jury in and to a court of competent jurisdiction, and this much does fully appear from the record in this case. *State v. Freeman,* 21 Mo. 482; *State v. Daniels,* 66 Mo. 205.

It appears that the indictment was signed by the prosecuting attorney, and that the name of the foreman, also signed, appears on the indictment, followed

by the words, "foreman of the grand jury;" the words, "a true bill," are omitted. The sufficiency of the indictment is assailed on this ground. According to the ruling of this court in the cases of *State v. Burgess*, 24 Mo. 381, and *State v. Harris*, 73 Mo. 288, the objection comes too late, being made after verdict, and for the first time, in this court. In the cases above cited, it is held that the failure of the foreman of a grand jury to certify under his hand an indictment to be a true bill is no cause for arresting a judgment after trial and conviction, but that advantage of it should be taken on motion to quash.

Finding no error in the record justifying a reversal of the judgment, it is hereby affirmed. All concur, except Ray, J., absent.