State v. Craig.

THE STATE OF MISSOURI, Respondent, v. ANDREW CRAIG, Appellants.

Kansas City Court of Appeals, April 3, 1899.

1. **Criminal Law**: INDICTMENT: PRESENTATION ON OATH: JEOFAILS. The fact that an indictment does not recite that the presentation is "on their oath" but does recite that the grand jury was "impaneled, sworn and charged" etc., is not fatal to the indictment since it sufficiently appears that the jurors acted under the binding force and solemnity of an oath, and no substantial right of the defendant was prejudiced.

2. ——: ——: OBSTRUCTION OF HIGHWAYS: NOTICE. Where an indictment for obstructing a public road is founded on first subdivision 7827, Revised Statutes 1889, a notice is not required to be alleged.

3. **Appellate Practice**: EXCEPTION BELOW. Actions of the trial court can not be reviewed in the appellate court without exceptions saved thereto below.

4. **Evidence**: INDICTMENT TO OBSTRUCT PUBLIC ROAD: SURVEYOR'S TESTIMONY. When the proceedings of a county surveyor in surveying a public road do not require him to establish a section corner he is not required to proceed under section 8333, Revised Statutes 1889, and, at any rate, in this case his proceeding and testimony are not prejudicial to the defendant.

5. **Criminal Procedure**: INSTRUCTIONS: EXCEPTIONS: APPELLATE PRACTICE. The appellate court can not notice a complaint that the trial court did not instruct as to a reasonable doubt unless exceptions were saved at the time and the point preserved in a motion for a new trial.

6. **Criminal Law**: HIGHWAY: INSTRUCTION: OPEN AND PLATTED ROAD. Though an instruction permit a conviction on the fact that the road alleged in the indictment to be obstructed "was laid out, platted and opened," etc., and is therefore imperfect, yet if another instruction requires in addition that the public has used said road, etc., for ten years, etc., the two taken together are sufficient and the defect of the first is cured.

7. **Criminal Procedure**: APPELLATE PRACTICE: MOTION FOR NEW TRIAL: BILL OF EXCEPTIONS. The appellate court can not notice a complaint that instructions were given after the close of the argument unless such fact appear in the bill of exceptions and the defendant saved an exception at the time, even though such complaint appear in the motion for a new trial.

8. **Criminal Law**: OBSTRUCTING HIGHWAY: EVIDENCE: VENUE. The evidence in this case is held ample to show the venue.

9. ———: ———: MISLEADING INSTRUCTION. An instruction that if defendant had "practically" maintained his fence at a given point for ten years, etc., is misleading and properly refused. If a fence encroaches to any extent whatever on the road it is an obstruction.

*Appeal from the Atchison Circuit Court.*—HON. C. A. ANTHONY, Judge.

AFFIRMED.

HUNT & BAILEY for appellants.

(1) The defendant was indicted under section 7827, 2 R. S. 1889, p. 1822. The indictment does not even purport to be returned upon the oath of the grand jurors. The phrase, "upon their oath," is not in the indictment. And while the statute provides that certain omissions will not vitiate the indictment, yet the leaving out the phrase, "upon their oath," is not cured by the statute. R. S. 1889, p. 965, sec. 4115; Kelley's Criminal Law [1 Ed.], p. 90, sec. 172; Wharton's Precedents of Indictments [2 Ed.], foot p. 35, top p. 2; State v. Cutter, 65 Mo. 503. It is the duty of the court, where the record is faulty, to so declare, whether the defendant has raised the point or not, or whether the defendant has even filed a brief or not. R. S. 1889, p. 989, sec. 4297; State v. Davidson, 46 Mo. App. 9; State v. Pfaff, 20 Mo. App. 335; State v. Watkins, 25 Mo. App. 21; State v. Ferguson, 26 Mo. App. 8; State v. Clawson, 30 Mo. App. 139. (2) No legal notice was shown to have ever been given to defendant to remove his fence, if it was in the public highway. The notice itself is the best evidence; yet it is not introduced, nor even attempted to be introduced. 2 R. S. 1889, p. 1822, sec. 7827. (3) The court erred in admitting in evidence the survey of D. A. Quick, as a legal survey to establish the southeast section corner of section 12,

and the quarter section corner of section 12. According to his own evidence his survey was illegal and void as a survey. He did not make that survey as the law directs. 2 R. S. 1889, sec. 8333, p. 1934; Climer v. Wallace, 28 Mo. 556; Lemmon v. Hartsook, 80 Mo. 13; Coe v. Griggs, 79 Mo. 35. (4) The failure of the court to give the instruction on "reasonable doubt" worked a serious hardship to the defendant and was a grave error on the part of the court. Burrill's Circumstantial Ev. [1 Ed.], p. 739; State v. Gonce, 79 Mo. 600; State v. Gullette, 121 Mo. 447. It is the duty of the court to give the instruction. State v. Young, 105 Mo. 634; State v. Reppetto, 66 Mo. App. 251; State v. Hickam, 95 Mo. 322; State v. Heinze, 66 Mo. App. 136. The court must instruct the jury as to the law of the case. Session Acts of 1895, p. 161, sec. 4208; State v. Matthews, 20 Mo. 55; State v. Jones, Jr., 61 Mo. 232; State v. Ware, 62 Mo. 597; State v. Branstetter, 65 Mo. 149; State v. Banks, 73 Mo. 592; State v. Palmer, 88 Mo. 568; State v. Dunn, 80 Mo. 689; State v. Murphy, 118 Mo. 20; State v. Taylor, 118 Mo. 172; State v. Nelson, 118 Mo. 124. (5) The court erred in giving the instructions on the part of the state. It is the duty of the court in plain and concise language to define the offense accurately and tell the jury the essential facts necessary to be found to authorize a conviction. State v. McCaskey, 104 Mo. 644; Blanton v. Dold, 109 Mo. 64; Thomas v. Babb, 45 Mo. 384; Schneer v. Lemp, 17 Mo. 142; State v. Herrell, 97 Mo. 105; Frank v. Railway, 57 Mo. App. 181; State v. Jones, 61 Mo. 232; Henschen v. O'Bannon, 56 Mo. 289; Stevenson v. Hancock, 72 Mo. 612; Price v. Railway, 77 Mo. 508; Stone v. Hunt, 94 Mo. 475; Nichols, etc., v. Jones, 32 Mo. App. 657; Martinowsky v. Hannibal, 35 Mo. App. 71; State v. Matthews, 20 Mo. 55; State v. Patrick, 107 Mo. 147; State v. Sharp, 106 Mo. 106; State v. Nelson, 118 Mo. 124. (7) The court should have given instruction number 1, on the part of the defendant, because no venue

State v. Craig.

was proven in this case. Pope v. Boyle, 98 Mo. 527; Jones v. Roberts, 37 Mo. App. 163; Russell v. Bancroft, 1 Mo. 662; Lee v. David, 11 Mo. 114; Boland v. Railway, 36 Mo. 484; Alexander v. Harrison, 38 Mo. 258; Hunt v. Railway, 89 Mo. 607; Hyde v. Railway, 110 Mo. 272. (8) The court erred in refusing to give instruction numbered 2, asked for on the part of the defendant, for the reason that the theory of the case as submitted by the court in instruction numbered 2, given on the part of the state, submitted the statute of limitation to the jury. 2 R. S. 1889, p. 1826, sec. 7848; Harper v. Morse, 46 Mo. App. 470; State v. Parsons, 53 Mo. App. 135; State v. Bradley, 31 Mo. App. 308; State v. Proctor, 90 Mo. 334.

Wm. R. Littell and L. D. Ramsay for respondent submitted a printed argument.

SMITH, P. J.—The defendant was indicted, tried and convicted for a violation of section 7827, Revised Statutes.

The appealing defendant assigns several errors as grounds for reversal, among which are:

I. That the commencement of the indictment does not recite that the "grand jurors on their oath present," etc. By reference to the approved English and

Criminal law: indictment: presentation on oath: jeofails.

American precedents it will be found that this recital is generally made in them. The leading authorities on criminal pleading and practice declare such recital is necessary. 1 Chitty, Crim. Plead. *333; Whart., Crim. Plead. & Prac., sec. 95; 1 Bishop's Crim. Proceed., sec. 655.

An indictment, however, which recited that the grand jurors were "impaneled, sworn and charged," etc., has been held sufficient, though it did not in terms recite "on their oath present," etc. It would seem that if it sufficiently

appears that the grand jurors acted under the binding force and solemnity of an oath that will suffice. Gottschalk v. State, 17 Fla. 895.

Some of the states have enacted statutes of jeofails and amendment which provide that where such a recital is not made the judgment shall not be reversed or affected in consequence thereof. Our statute provides that no indictment shall be deemed invalid or judgment thereon be arrested, or in any manner affected by reason of any defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits. R. S. sec. 4115. How could the imperfection referred to tend in the remotest degree to prejudice the substantial rights of the defendant upon the merits? The grand jury had been duly impaneled, sworn and charged as required by law, and that was all that the defendant was entitled to. Certainly in a misdemeanor case like this we are not authorized to hold that the defect in the indictment therein is such as warrants a reversal of the judgment for error apparent upon the face of the record.

II. The indictment in this case was founded on the first subdivision of said section 7827, Revised Statutes, and not on the second. When the offense is charged under the latter, notice is required, but not so when under the former. This is quite apparent from the reading of the section in its entirety.

*——: ——: obstruction of highways: notice.*

III. An examination of the transcript of the bill of exceptions does not disclose that the defendant saved an exception to the ruling of the court in admitting the testimony of the witness Johnson, the deputy county clerk, so that the action of the court in that regard is not subject to review here.

*APPELLATE practice: exception below.*

IV.   The defendant complains of the action of the court in permitting the witness Quick, who was county sur-

EVIDENCE: indict-
ment to ob-
struct public
road: surveyor's
testimony.

veyor, to testify as to how he executed an order of the county court requiring him to survey the road described in the indictment. The witness did not undertake to reestablish a decayed or destroyed section corner.   He was not proceeding under section 8333, Revised Statutes.   The defendant's objection only went to his testimony in respect to the establishment of a section corner which seems to have been previously established by him, so that he did not, while surveying the road at the time referred to in his testimony, undertake to establish a section corner.   But however this may be, we can not discover that such testimony was prejudicial to the defendant.

V.   The objection that the court did not of its own motion give an instruction on "reasonable doubt" can not be noticed, for the reason that there is no statement in the

CRIMINAL pro-
cedure: instruc-
tions: excep-
tions: appellate
practice.

motion for a new trial that the court failed to give all needful and proper instructions.   If the court did fail to instruct the jury upon all questions of law arising in the case which were necessary for the information and guidance of the jury, exceptions should have been saved at the time such failure occurred and the point should have been preserved, as it was not, in the motion for a new trial.   State v. Cantlin, 118 Mo. 100; State v. Krueger, 134 Mo. 262.

VI.   The first and second instructions given by the court for the state, and of which the defendant complains, are, as far as we can discover, correct expressions of the law applicable to the case.

The first told the jury that if they believed that under an order of the county court "said road was laid out, platted and opened," etc., and in the second they were told that

VOL. 79 app—27

State v. Craig.

"if the county court had ordered the road opened at the point
mentioned in the indictment, and that there
CRIMINAL law: was a plat thereof in the county clerk's office,"
instruction: open
and platted road. and further "that the public had used said
road as a public highway for a period of more
than ten years, then it was a public road within the meaning
of the charge in the indictment," etc.   The statute provides
"that all roads in this state that have been opened by an
order of the county court, and a plat thereof filed with the
clerk of the county court of the county in which said roads
are situated, and have been used as a public highway by the
traveling public for a period of ten years or more, shall be
deemed legally opened and established county roads, not-
withstanding there may have been irregularities in the
proceedings to establish and open such roads," etc.   R. S.
sec. 7847.   The language of the state's second instruc-
tion was substantially the same as that of the section of
the statute just quoted.   The first is perhaps imperfect in
that it makes no reference to the use of the road as a public
highway by the travelling public   If this was an omission it
was supplied by the second, so that when the two were taken
together, and read as one charge, they were not subject to
serious objection.   The jury could not have been misled by
them.   They were not repugnant in theory.

VII.   The defendant further complains that the court
gave instructions, two and three for the state after the con-
clusion of the argument, but this complaint we can not con-
sider for the reason that it does not appear
CRIMINAL pro- from the bill of exceptions to be a fact; or,
cedure: appel-
late practice: even if so, it does not appear that the defend-
motion for new
trial: bill of ex- ant saved an exception to the action of the
ceptions.
court.   It is true that in the motion for a new
trial this fact is made one of the grounds thereof, but that
was not enough.   Unless the fact otherwise appears from the
bill of exceptions it can not be made a ground of a motion for

a new trial which we can notice.   We are bound to presume that the court timely instructed the jury, as directed by the statute, until the contrary affirmatively appears from the recitals of the court in its bill of exceptions.

VIII.   The court did not err in refusing the defendant's instruction in the nature of a demurrer to the evidence.

CRIMINAL law: obstructing highway: evidence: venue. The defendant contends that this should have been given because the venue was not proved, but an examination of the evidence has convinced us that it was ample on that point.

IX.   The court refused the defendant's second instruction which told the jury, in substance, that if the defendant's fence had been maintained by him where it then was, or "practically so," for a period of ten years or more, and that a road forty feet wide was left and had been used by the public, to find defendant not guilty.

——: ——: misleading instruction.

All of the witnesses, including the defendant and his son, testified that the defendant in 1895 removed his old fence and thereafter put up a Page wire fence, which was set out further than the old one.   No witness testified that the new fence was on the line of the old one at the place where it was charged to be an obstruction in the road.   It was clearly shown to be eight to ten feet further out than the old fence at that place.   Defendant, on the evidence, was not entitled to an instruction on any such theory.   Even if the instruction had been justified by the evidence in other respects, it was objectionable for telling the jury that if the defendant's fence had been where it now is, or "practically so," etc.   These words were well calculated to mislead the jury, who might have concluded that even though the defendant had set his new fence a few feet further out than the old one was yet it had always been "practically" maintained where "it now is."   If the defendant's new fence was placed on the road at all, if it encroached thereon to any extent

whatever, it was an obstruction therein. The statute declares that "fencing upon the right of way" of any public road is an obstruction thereon. These words should not be used in an instruction in a case of this kind.

In conclusion, it is proper to say that there was evidence adduced which we think was sufficient to justify the finding of the jury, which is conclusive on us.

Discovering no error in the record warranting any interference by us with the judgment, it must be affirmed. All concur.