CITY OF ST. LOUIS, Plaintiff in Error, v. ST. LOUIS THEATRE COMPANY.

Division One, March 28, 1907.

1. INFORMATION: Multifarious. Where the ordinance making certain acts a misdemeanor names them disjunctively, a violation of one or all of the several acts may be charged in the same count of the information, but they must be charged conjunctively, and when they are so charged the information is not for that reason multifarious.

2. **ORDINANCES:** Unreasonable on Face. A court can declare an ordinance unreasonable upon its face, by a mere inspection of the ordinance, if the ordinance upon its face is unreasonable. But courts move cautiously in such cases. Prima-facie the municipal assembly is the sole judge of the necessity for an ordinance; and what are the urgent necessities of the public in a crowded city the courts are unable to determine without more light than the ordinance itself gives. Hence, an ordinance which makes it a misdemeanor to set up an illuminating sign extending over and upon the sidewalk more than eighteen inches from the building line, cannot be held to be unreasonable upon its face.

3. ———: Unreasonable Under Facts Shown. Courts will declare an ordinance unreasonable upon a showing of a state of facts which makes it unreasonable. And an ordinance may be reasonable and valid in its application to some streets, and void as unreasonable in its application to other streets or other parts of the same street. But the burden is upon the defendant charged with violating it to show it is unreasonable, and to do that the facts must be shown. Where defendant is charged with violating the ordinance which prohibited the setting up of an illuminating sign extending more than eighteen inches over and upon the sidewalk from the building line, the ordinance will not be held to be unreasonable upon a showing that by means of the illuminating sign people were lighted into and out of defendant's store. The width of the street, the public use thereof, the limits of the public necessities and requirements, and kindred matters, should be shown, if the court is asked to declare the ordinance unreasonable.

4. ———: Vested Use. If a municipality, by express grant, authorizes an invasion of a public street, and such invasion does not seriously injure and infringe upon the public use thereof, then such municipality might not be allowed to divest the party, who has acted upon this express grant, of the rights which have accrued by the contractual relation. But it does not follow that, because the city has not by ordinance prohibited a certain thing, it cannot, in the exercise of its police powers, at any time thereafter, prohibit it. The earlier use can be prohibited at any time when public interests demand it. Though the city ordinances did not prohibit the erection of an illuminating sign extending more than eighteen inches over the sidewalk from the building line at the time defendant set up the illuminating sign in question, he had no such vested interests as prohibited the city from enacting an ordinance making such sign unlawful, and punishing him for maintaining it.

Error to St. Louis Court of Criminal Correction.—*Hon. E. M. Hughes,* Special Judge.

REVERSED AND REMANDED.

*Charles W. Bates* and *Benjamin H. Charles* for plaintiff in error.

(1) Whatever right the defendant had, if any, to the use of the street on which its property abutted was subject to the police power of the State as delegated to the city. 2 Dillon on Municipal Corporations (4 Ed.), sec. 656 a; Allen v. Boston, 159 Mass. 335; Loth v. Columbia Theatre Co., 94 S. W. 847; Westport v. Mulholland, 84 Mo. App. 319, 159 Mo. 86; State ex rel. v. Murphy, 130 Mo. 10; Fertilizing Co. v. Hyde Park, 97 U. S. 659; Stuyvesant v. Mayor, N. Y., 7 Cowen 603; Salem v. Maynes, 123 Mass. 372. (a) The power to regulate streets is primarily a function of government vested in the State as the sovereign authority. 2 Dillon on Munic. Corp. (4 Ed.), sec. 656; Ferrenbach v. Turner, 86 Mo. 419. (b) The State has delegated this authority to the city. Charter, art. 3, sec. 26, clause 2 (2 R. S. 1899, p. 2484); Schopp v. St. Louis, 117 Mo. 135; Loth v. Columbia Theatre Co., 94 S. W. 847; Springfield v. Railroad, 69 Mo. App. 514. (c) The word "regulate" is one of broad import. St. Louis v. Western Union Telegraph Co., 149 U. S. 469; State ex rel. v. Murphy, 134 Mo. 561; Elliott on Roads and Streets (2 Ed.), sec. 450. (d) The power thus conferred upon the city, to regulate streets, is not temporary, but permanent, and cannot be abdicated nor surrendered. State ex rel. v. St. Louis, 161 Mo. 383; Elster v. Springfield, 49 Oh. St. 82. (2) By the passage of a former ordinance the city did not exhaust its power to regulate; and prohibiting, by that ordinance, one sort of sign, did not authorize another sort. Loth v. Columbia Theatre Co., 94 S. W. 853; People v. Har-

ris, 203 Ill. 272. (3) The defendant acquired no vested right in the highway under any city ordinance, nor any permanent property right in the space occupied by its sign. Corby v. Railroad, 150 Mo. 469. (a) But assuming, for the sake of argument, that when the sign was erected defendant had some license, express or implied, to use the street for that purpose, such license was revoked by the passage of the subsequent ordinance. Ferrenbach v. Turner, 86 Mo. 416; Eddy v. Granger, 19 R. I. 105, 23 L. R. A. 518; Winter v. Montgomery, 83 Ala. 589; Denver v. Girard, 21 Col. 447. (b) No contractual relationship, as between the city and the defendant, was created by the passage of section 1157 of the Revised Ordinances of 1901. (c) By the passage of one ordinance in the exercise of the police power the city, as an arm of the government, is not estopped to pass a subsequent ordinance modifying or repealing the provisions of the former. Norfolk v. Chamberlaine, 29 Grat. (Va.) 534. (4) The city has no power to enter into a contract not to exercise its legislative authority over the public streets, nor to surrender its control over them. Elliott on Roads, sec. 657; 2 Smith on Munic. Corp., sec. 1288; Belcher, etc. v. St. Louis, etc., 82 Mo. 121; Railroad v. Illinois, 146 U. S. 453. (5) The city, as trustee for the public, could not license the defendants to subject the street to a purely private purpose, and therefore the defendants could acquire no property right therein. State ex rel. v. St. Louis, 161 Mo. 371; Ferrenbach v. Turner, 86 Mo. 416; Corby v. Railroad, 150 Mo. 470; Glaesner v. Anheuser, etc., 100 Mo. 515; Schopp v. St. Louis, 117 Mo. 135; State ex rel. v. Railroad, 140 Mo. 556; 2 Smith on Munic. Corp., sec. 1287; see, also, cases cited supra. (6) The maintenance of the sign was a public nuisance and therefore punishable as a misdemeanor. Farrell v. Mayor of N. Y., 5 N. Y. Supp. 672; Bybee v. State, 94 Ind. 443; Knox v. Mayor, 55 Barb. 404.

*Louis A. Steber* for defendant in error.

(1) This prosecution under Ordinance 20529 cannot be sustained, because: (a) The complaint, on its face, is multifarious and does not individuate the offense in charging that defendant "set up," "caused to be set up" and "maintain" a certain sign, etc. The offenses are separate and distinct, repugnant and inconsistent, absurd and contradictory. State v. Flint, 62 Mo. 399; State v. Gibson, 111 Mo. 100. Under such a conviction, defendant could not successfully plead *autrefois convict* or *autrefois acquit.* State v. Burke, 151 Mo. 146. (b) The allegation is that the sign is over and upon the sidewalk (meaning on the surface) whereas the proof shows it is over and above it, some 25 or 30 feet. The terms "over and upon" and "over and above" have separate and distinct meanings. Goldstraw v. Duckworth, L. R. 5 Q. B. D. 275. (c) The proof shows that the sign had been "set up" or caused to be "set up" before the passage of Ordinance 20529, and can have no application to this case. Singer Mfg. Co. v. Shull, 74 Mo. App. 489; Wood on Nuis. (3 Ed.), sec. 745, pp. 983-994. (d) That the defendant did "maintain" that which was prior lawfully maintained (as admitted by the city attorney at the trial) could not make it a violator of the law, without any form of notice, any species of judicial inquiry, or any tender of compensation. This prosecution is in the nature of an arbitrary edict. St. Louis v. Hill, 116 Mo. 534; River Rendering Co. v. Behr, 77 Mo. 99; Yates v. Milwaukee, 10 Wall. (U. S.) 497; St. Louis v. Dorr, 145 Mo. 485; Singer Mfg. Co. v. Shull, 74 Mo. App. 489; Everett v. Marquette, 53 Mich. 450. (e) The word "maintain" in pleading means "to support what has already been brought into existence." Carson-Rand Co. v. Stern, 129 Mo. 387; Anderson's Law Dictionary, Title, Maintain. The sign being already in existence the ordinance provision to "hereafter maintain" cannot

be made retroactive in its action. Whitmier, etc., Co. v. City of Buffalo, 118 Fed. 776; State v. Burke, 151 Mo. 140; State v. Schuchmam, 133 Mo. 117. (2) If the ordinance be not adjudged unreasonable on its face, it may be so adjudged as a question of fact. It cannot apply to the case at bar. "An ordinance, general in its scope, may be adjudged reasonable as applied to one state of facts and unreasonable when applied to circumstances of a different character." Nicoulin v. Lowery, 49 N. J. L. 391; Railroad v. Jersey City, 47 N. J. L., 286. "If an ordinance, however, is altogether unreasonable and oppressive, it may be vacated by the courts for that reason alone." Corrigan v. Gage, 68 Mo. 544; Railroad v. City of Springfield, 85 Mo. 674; Hannibal v. Tel. Co., 31 Mo. App. 31. (3) Defendant has a vested property right in its illuminated sign of which it cannot be deprived in this proceeding. It was admitted at the trial below that the sign was erected when it was legal and proper to erect it. It cost a large sum of money. The attempt to remove it now, without assigning any reason for it, is an attempt at the confiscation of property and destruction of vested rights which cannot be done by the mere passage of an ordinance. Allison v. Richmond, 51 Mo. App. 137; Savage v. City of Salem, 23 Ore. 385; Town of Spencer v. Andrews, 82 Iowa 14, 12 L. R. A. 115. Unless there is a necessity for the act. Betz v. Tel. Co., 97 S. W. 207; Hannibal v. Tel. Co., 31 Mo. App. 31; Thurston v. St. Joseph, 51 Mo. 514; State ex rel. v. Town of Phillipsburg, 49 Atl. 445; State, etc. v. Mayor, etc., of Jersey City, 49 N. J. L. 303; Suburban, etc., Co. v. Inhabitants of East Orange, 41 Atl. 865. "The public convenience which will justify such a proceeding must amount to a public necessity." City of Atlanta v. Holliday, 96 Ga. 546; City of St. Paul v. Railroad, 63 Minn. 356; Wellman v. Dickey, 78 Me. 31; Stretch v. Village of Cassopolis, 125

Mich. 167. The attempt so to do is not protection, but destruction. Sproul v. Borough of Stockton, 62 Atl. 275. (4) The sign complained of is not a nuisance, and the mere declaration of the city authorities, without any facts to support it, cannot make it one. Loth v. Columbia Theater Co., 94 S. W. 853; State v. Higgs, 126 N. C. 1014. Under the guise and pretense of a police regulation, the city cannot encroach or trample upon any of the just rights of the citizen, which the Constitution intended to secure against diminution or abridgment. State v. Julow, 129 Mo. 177; In re Jacobs, 98 N. Y. 98; Westport v. Mulholland, 159 Mo. 97; State v. Higgs, 126 N. C. 1025.

GRAVES, J.—This cause originated in the First District Police Court of the city of St. Louis by statement in language, as follows:

"State of Missouri, City of St. Louis, ss.

"City of St. Louis, Missouri, May 28, A. D. 1902.
"St. Louis Theatre Company, a corporation,
"To the City of St. Louis, Dr.
"To five hundred dollars, for the violation of an ordinance of said city, entitled, 'An Ordinance in revision of the General Ordinances of the City of St. Louis,' being Ordinance Number 19991, section 1157, as amended by Ordinance No. 20529, approved December 1, 1901, and section 1184, approved April 3, 1900.

"In this, to-wit: In the city of St. Louis and State of Missouri, on the 5th day of May, 1902, and on divers other days and times prior thereto, the said St. Louis Theatre Company did then and there, at and in front of premises at 514 Market street, maintain, set up and cause to be set up a certain sign, sign-box and other fixture, to-wit, an illuminated sign extending

over and upon a sidewalk more than eighteen inches from the building line and inside of said sidewalk.

"Contrary to the ordinance in such case made and provided.

"On information of Chief of Police.

"P. P. TAYLOR.

"City Attorney of the City of St. Louis."

Change of venue was granted to the defendant to the police court for the district south of the Arsenal street. Later, and after the change of venue, and on September 30, 1902, defendant filed its demurrer. No action seems to have been taken upon the demurrer, and on November 8th, following, an answer was filed covering practically the grounds of demurrer. These pleadings are lengthy and such parts as may be necessary will be considered in the opinion. Trial was had in the police court and defendant discharged. Appeal was taken by the city to the St. Louis Court of Criminal Correction, where trial was had March 5, 1903, before Hon. E. M. Hughes, then a circuit judge of the Eleventh Judicial Circuit, as special judge, which likewise resulted in the discharge of the defendant. Motion for new trial was filed and overruled upon the day the decision of the trial court was rendered, to-wit, May 25, 1903. Bill of exceptions was filed within the time allowed by the court. Writ of error was sued out here within the year allowed by statute, and the record or return filed here within the year. No notice of the writ appears in the files, but no question is made by motion to dismiss or otherwise. The evidence which is short will be detailed upon points wherein it may be of value.

I. Defendant first contends that the complaint is *multifarious* and does not individuate the offense, in that it charges that defendant did "maintain," set up and cause to be set up a certain sign, and other fixture,

to-wit, an illuminated sign,   etc.   The ordinance in question or the part thereof in question, is as follows:

"Whoever shall, in this city, set up or cause to be set up, or who shall hereafter in this city maintain any sign, sign-box, illuminated sign, lettered lamp or other fixture, which shall extend over or upon any sidewalk more than eighteen inches from the building line or inside of said sidewalk   .   .   .   shall be deemed guilty of a misdemeanor."

This contention is not well founded.   Even if this proceeding were a strictly criminal proceeding, which it is not, yet it would not be well founded under repeated rulings of this court.   The ordinance makes the commission of certain acts named in the disjunctive, a misdemeanor.   One or all of these several acts may be charged in the one count, but must be charged in the conjunctive, as they are charged here.   [State v. Murphy, 47 Mo. 274; State v. Bregard, 76 Mo. 322; State v. Pittman, 76 Mo. 56; State v. Flint, 62 Mo. l. c. 399; State v. Fitzsimmons, 30 Mo. 236; State v. Nations, 75 Mo. 53; State v. Harroun, 199 Mo. 519.]

In State v. Murphy, 47 Mo. l. c. 275, BLISS, J., in discussing this question, said:

"In regard to the second objection, the rule is that no more than one offense can be charged in one count, but there are exceptions.   When a statute in one clause forbids several things, or creates several offenses in the alternative, which are not repugnant in their nature or penalty, the clause is treated in pleadings as though it created but one offense; and they may all be united conjunctively in one count, and the count is sustained by proof of one of the offenses charged."

So far as we are advised, in misdemeanor cases, the doctrine above stated has been followed in this State.   It is text-book law from the earliest date of statutory construction.

The real gist of the misdemeanor created by the ordinance is an unlawful or wrongful use of that part

of the public street used as a sidewalk. This unlawful use may be brought about in either or all of three ways, which are disjunctively stated in the ordinance. The proper method to state the violation of the ordinance, under strict criminal rules, would be to use the conjunctive charge, and proof of either would be sufficient. As we understand it this has always been the rule, where the disjunctive clauses are not inconsistent or repugnant. If the statement or charge is good under strict criminal pleading, it certainly is good in this proceeding. Cases cited by defendant are not in point, and analysis of them would serve no good purpose. There are felony cases wherein it has been held that simply following the words of the statute would not be sufficient, but such cases and the reasons assigned have no application here.

II. We are next confronted with the proposition that the ordinance is unreasonable and therefore void. As contended by counsel for defendant, it is true that a court can declare an ordinance unreasonable upon its face, by a mere inspection of the ordinance, if the ordinance upon its face chances to be of that character. [City of Hannibal v. M. & K. Tel. Co., 31 Mo. App. 1. c. 32, and cases cited.]

But courts move cautiously in such cases. [Commonwealth v. Robertson, 5 Cush. 438.]

And it is further true that the courts can and will declare ordinances unreasonable, upon the showing of a state of facts which makes them unreasonable. [State ex rel. v. Birch, 186 Mo. 1. c. 219; Corrigan v. Gage, 68 Mo. 541; Kelly v. Meeks, 87 Mo. 1. c. 401; Nicoulin v. Lowery, 49 N. J. Law 1. c. 394; Railroad v. Jersey City, 47 N. J. Law 286.]

Let us therefore take these two questions, under the record in this case.

First, is the ordinance unreasonable upon its face, so that the court, without evidence *aliunde,* could so declare? We think not. What the urgent necessities

of the public are in a crowded city, we are unable to judge, without more than the legislative act in the shape of an ordinance. "Municipal corporations are prima-facie the sole judges of the necessity of their ordinances, and courts will not, ordinarily, review their reasonableness, when passed in strict pursuance of an express grant." [Hannibal v. M. & K. Tel. Co., supra.]

Whether for the benefit, convenience, welfare or comfort of the public, all of this sidewalk and the space above it is required, except the eighteen inches reserved for the abutting owner, is one that the city legislature would be better able to determine than the court, unless all facts bearing upon the question were before the court. So that, while there may be and have been ordinances, which courts have and will declare unreasonable upon their face, this is not one of that character. [Railroad v. Jersey City, 47 N. J. Law 286.]

Then, progressing to the next point, is the evidence in this record sufficient to show, *aliunde*, that the ordinance is invalid on the ground of being unreasonable. To this we reply, no. There is no evidence tending to show the ordinance unreasonable, except that by means of this illuminated sign, people were lighted into and out of the defendant's place of business. There was no evidence that there was a failure in this regard upon the part of the city, and even this would not authorize a violation of an otherwise valid ordinance. Unless the unreasonableness of the ordinance is apparent upon the face thereof, the burden is upon the person asserting it to be unreasonable to so show by the facts. These facts have not been developed in this case. There may be facts as to the conditions and surroundings of this place and this street, which would show that there had been an unreasonable exercise of the city legislative powers by the terms of this ordinance, but they do not appear in the record. We can-

not take judicial notice of the conditions of the place and street upon which this sign was located, nor can we take judicial notice of the public requirements and necessities at such place and on such street. Ordinances may be unreasonable on one state of facts and reasonable upon another. The same ordinance may be held to be reasonable and valid in its application to some streets and void on the ground of being unreasonable in its application to other parts of the city highways. [Railroad v. Jersey City, 47 N. J. Law 286.]

To our mind the party attacking the validity of an ordinance upon the ground of its unreasonableness, must clearly show the facts, before the courts can act. The width of the street is not shown. The character of the public use thereof is not shown. The limits of the public necessities and requirements are not shown. Under such state of facts we cannot say that an ordinance is unreasonable. It follows that this contention of the defendant must be ruled against it.

III. In the third place, the defendants contend that inasmuch as the ordinances prior to the ordinance under which this action is brought did not prohibit the erection of an illuminated sign, and the same was erected lawfully and at considerable expense, it has a vested property right, which cannot be taken from defendant by the later ordinance. Upon this question the diligent counsel for defendant has collated a mass of cases, none of which, in our judgment, are applicable to this case. If a municipality, by an express grant, authorizes an invasion of a public street, and such invasion does not seriously injure and infringe upon the public use thereof, then such municipality might not be allowed by subsequent ordinance to divest the party, who has acted upon this express grant, of the rights which have accrued by this contractual relation. This is the substance of all the cases cited by defendant. But such is not the case at bar. It does not fol-

low that, because a municipality has not, by ordinance, prohibited a certain thing, in the exercise of its police or other powers, it can, at no time, prohibit such things. In the growth of cities the public convenience and welfare may demand restrictions as to the use of streets by abutting owners, which in the earlier life of the city was not demanded, but it does not follow from this that the earlier use cannot be prohibited at such later time as the public interest demands it. In the case at bar there was no express grant to the defendant to erect this illuminated sign. The most that can be said is that at the time it was erected, there was no prohibitive ordinance, and the act was not unlawful. Such a condition does not give defendant any vested right. The mere passive action of the city in permitting the erection of such signs, because there was no ordinance against it, does not create a contractual relation, by which property rights can become vested. We recognize fully the rule of law as to abutting property-owners. Such owners are entitled to use the property covered by an easement to such an extent as will not do violence to the full, free and complete exercise of the public easement. But if the public use demands, not only the space of the street and sidewalk, but the space above it, then the right of the property-owner is subservient to such demand. When the sovereignty appropriates the property for a street, it is required to compensate the owner of the private property in the way of damages, but when the property is taken, it is taken for a public use and that use may be increased by the future developments of the municipality. As the use and necessary demands of the public increase the rights of the abutting property-owner decrease. So that in all cases like this the presumption is that the legislative power has exercised a reasonable discretion in the passage of the ordinance, unless, upon the face thereof, it appears to be unreason-

able, or upon a proper showing of facts, the courts can say it is unreasonable.

Without going into details as to other questions raised below, but not seriously argued or discussed here, it follows that this cause should be reversed and remanded for retrial in accordance with these views, and it is so ordered.

All concur.