THE STATE v. JOE SPANO, Appellant.—6 S. W. (2d) 849.

Division Two, May 25, 1928.

*James M. Rader* and *Frank D. Rader* for appellant.

282

*North T. Gentry,* Attorney-General, and *A. B. Lovan,* Assistant Attorney-General, for respondent.

*Fred W. Lewis* for appellant on rehearing.

WALKER, J.—In a proceeding by indictment in the Circuit Court of Jackson County the defendant was charged with the selling and giving away of hootch, moonshine and corn whiskey. Upon a trial he was found guilty and his punishment assessed at two years' imprisonment in the penitentiary. From this judgment he appeals.

The appellant was employed in a shoe shop in Kansas City. A boy about fifteen years of age, named William Fly, while waiting in the shoe shop for a street car, heard the defendant say to a person with whom he was conversing, that he could sell pure corn whiskey by the gallon or in less quantities. The next day the boy again stopped in the shoe shop and the defendant called him into a back room and asked him to sell whiskey for him. The boy said he could, and the defendant said they could make fifty dollars a week by such sales. A few days later the boy again went to the shop and the defendant delivered to him a pint of corn whiskey, for which the boy was to pay him one dollar. Before going to the shop to receive the whiskey the boy had informed a police officer, named Kennally, of the defendant's proposition to him. He gave the whiskey to the officer. The latter gave the boy a marked dollar and directed him to buy another pint of the liquor from the defendant. The boy went to the shoe shop and tendered the dollar to the defendant in payment for another pint of liquor, but the latter refused to sell it to him, and asked him if he had not been talking to the officer. Upon being arrested the defendant denied having sold liquor to the boy, but said he had given it to him. The liquor was introduced at the trial and was shown to be corn whiskey. The defendant admitted the possession of the pint of whiskey; that the boy asked him for it and that he refused to give it to him, but that the boy had taken it without the defendant's consent. Defendant's explanation of the possession of the liquor was that he was suffering from "flu" and that his doctor had prescribed it for his relief. His sister-in-law corroborated his testimony as to his illness and the doctor's prescription.

The indictment reads as follows:

"The Grand Jurors for the State of Missouri duly summoned from the body of the County of Jackson, being duly impaneled, sworn and charged, that Joe Spano, whose Christian name in full is to the said Grand Jury unknown, on the 25th day of January, 1926, at the County of Jackson, and State of Missouri, did then and there wilfully, unlawfully and feloniously, sell and give away Hootch, Moonshine and Corn Whiskey, to William Fly, Jr., for a beverage,

the said sale and giving away of the said Hootch, Moonshine and Corn Whiskey being then and there prohibited and unlawful, against the peace and dignity of the State.''

I.   It is urged that the indictment is duplicitous in that it conjunctively charges two offenses in one count.   There is no merit in this contention.   The charge made is based upon Section 21, Laws 1923, page 242.   Therein it is provided that if any one shall manufacture, make, brew, distill, sell, give away or transport any hootch, moonshine or corn whiskey he shall, upon conviction, be punished as prescribed.   It will be seen that the offenses enumerated are stated in the alternative; that they are not repugnant and the punishment for each is the same. This being the case, their violation may be charged conjunctively in one count as one offense and the infliction of a penalty for the violation of one will be a bar to a prosecution for the others.   This has been the rule in criminal pleading in this jurisdiction, beginning with State v. Ames, 10 Mo. 743.   It finds its first definite application in a liquor case in State v. Murphy, 47 Mo. 274, in which it is ruled that: ''Where a statute in one clause forbids several things or creates several offenses, which are not repugnant in their nature or penalty, the clause is treated in pleading as though it created but one offense and they may all be united conjunctively in one count and the count may be sustained by proof of the commission of one of the offenses charged.''   Later cases invoke, without qualification, the rule as above stated, viz: St. Louis v. Theater Co., 202 Mo. 690, 698, 100 S. W. 627; State v. Miller, 188 Mo. 370, 377, 87 S. W. 484; State v. Pittman, 76 Mo. 56; State v. Bregard, 76 Mo. 322.   The appellant's brief, argument and submission of the case was limited to the contention that the indictment was duplicitous.

II.   It is urged in the motion for a rehearing that the indictment is further defective in that it omits the words ''to inquire within and for said county upon their oath, present and charge.''
The words omitted are no part of the indictment.   Usually these words are held to be a part of the caption of the indictment but if, as in State v. Brooks, 94 Mo. 121, 123, 7 S. W. 24, they be declared to be a part of the commencement of the charge, their omission will not vitiate it where it shows that it is preferred by a lawful grand jury to a court of competent jurisdiction and is otherwise sufficient.   [State v. Daniels, 66 Mo. 192, 206; State v. Freeman, 21 Mo. 482.]   In the Daniels case, page 206, it is held that if the indictment contains the requisites above

stated, it will be held to be sufficient, although the commencement of the same be wholly omitted.

In the Freeman case the commencement of the indictment was as follows: "The grand jurors for the State of Missouri, empanelled, charged and sworn to inquire within and for the body of the County of Hickory, upon their oath, that Silas M. Freeman, late, etc., in and upon one Wm. Freeman, etc., did make an assault." The contention made in the motion to quash this indictment, with which we are here concerned, was the omission of the word "present" in the commencement, which was held by the court not to be well taken and the case was reversed and remanded. The court, speaking through Judge LEONARD, thus defined its reasons for its ruling:

"Neither is the omission of the word 'present,' in the commencement of the indictment, a valid objection here. A little consideration will make this matter plain enough. The whole statement of the facts constituting the offense—every matter found by the grand jurors upon their oaths—the accusation—all that in strictness constitutes the indictment, follows the omitted word. The commencement of the indictment is but a recital of certain preliminary facts, only necessary to be stated in order to render the instrument intelligible of itself, without having reference to the files and records of the court where it was found. When the record is drawn up in form, the indictment is preceded by a caption, which states the style and meeting of the court, the time and place where it was found, and the jurors by whom it was found; and then the short, formal recital of these facts, usually prefixed to the body of the indictment, is omitted, or rather is superseded by the caption, which states the same facts more at large and with greater precision. The form of a caption may be seen in 3 Bac. Abr., tit. Indictment, let. I, and in Whart., C. L. (3 Ed.) pp. 150, 151; and, if it had been formally drawn up in the present instance, it would have recited that, 'at a Circuit Court holden for the county of Hickory, at, etc., on, etc., before, etc., by the oaths of, etc. (naming the grand jurors), good and lawful men, etc., it is presented that Silas M. Freeman, on,' etc., reciting the indictment in the words of it, to the end, and the error now alleged would not have appeared, or rather would have been supplied by the caption.

"But, in our practice, the caption is not always drawn up in form; but upon appeal, or in error, copies of all the entries upon the record in relation to the matter are sent to this court, and these are accepted here in lieu of the formal caption, that it was the duty of the clerk to have drawn up from them.

"The caption, of course, is no part of the indictment; but it must appear upon the face of the record, while the cause is in the court

where the indictment was found, and from the transcript of the record, after its removal into this court upon appeal or writ of error, not only that the indictment is sufficient in form and substance, but also that it was properly preferred by a lawful grand jury to a court having jurisdiction over the matter; and if all this does not appear, it is error of which the defendant may take advantage. [Whart., Crim. Law (3 Ed.) pp. 150, 154.] But if it does appear, *it is sufficient, although the commencement of the indictment be wholly omitted,* and certainly all this does sufficiently appear upon this record, although not as formally as it would have appeared had the record been drawn up in due form. Our law (Practice and Proceedings in Criminal Cases, Art. 3, Secs. 20, 21) requires the foreman of the grand jury, when twelve of the grand jurors concur in finding an indictment, to certify upon it, under his hand, that it is a true bill, and to present it to the court in the presence of the jury; and this record shows that this indictment was so certified by the foreman, and presented to the court against the defendant, for a felonious assault. The body of the indictment, without the commencement, contains a formal narration of every matter necessary to constitute the alleged offense, and this the record shows was presented by the grand jurors, upon their oaths, to the court, as a written accusation against the defendant.''

The matter here under review has been succinctly considered and ruled upon by the Kansas City Court of Appeals in State v. Craig, 79 Mo. App. 412, in an opinion by SMITH, J., in which it is said in effect, that an indictment which recited that the grand jurors were impanelled, sworn and charged, but does not recite that the presentment was on their oath, is not fatal to its validity, since it sufficiently appears that the jurors acted under the binding force and solemnity of an oath and no substantial rights of the defendant were prejudiced by the omission.

Our statute, Section 3908, Revised Statutes 1919, of criminal jeofails, provides, among other things, that no indictment or information shall be deemed invalid when there is sufficient facts alleged to indicate the crime and the person charged; nor for the omission of any matter not necessary to be proved; nor for any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits. Judge SMITH in commenting upon the application of this statute in the Craig case, pertinently said: ''How could the imperfection referred to, tend in the remotest degree to prejudice the substantial rights of the defendant upon the merits? The grand jury had been duly empanelled, sworn and charged as required by law, and that was all the defendant was en-

titled to.'' With legal propriety and like force this reasoning may be applied to the case at bar.

III. The admission in evidence of statements made by the defendant to different persons is assigned as error. They were in the nature of admissions relative to the crime with which he was charged or attempted explanations of the same, especially in regard to the circumstances under which he delivered the whiskey to the Fly boy. The relevance of these matters, easily determinable from their subject-matter, rendered them admissible under the most elementary rules of evidence and the objections thereto are without merit.

IV. The evidence of William Fly is contended to be error on the ground that he was used by the officers to entrap the defendant. The relevance of the testimony being evident the fact that the witness was used by the officers as a decoy to procure proof of the defendant's guilt will not render it inadmissible (State v. Broaddus, 289 S. W. 793, 795, and cases cited). In the Broaddus case we held, in effect, that whatever may be the general rule in regard to the admissibility of evidence showing that the officers of the State used decoys to furnish the defendant with an opportunity to commit crime, the rule in regard thereto does not apply to cases involving the sale of intoxicating liquors or to other violations of the prohibition law. In this class of cases criminal intent is not as a rule a necessary element and need not be shown.

V. Complaint was made that the Circuit Court, Division B, of Jackson County, did not have jurisdiction of the defendant nor the subject-matter of the cause, because the case was pending in Division C at the January term of that court and under the law and rules of the circuit court of that county the case was automatically transferred to criminal Division A of said court and was not properly assigned to Division B where it was tried. This contention is only mentioned in the motion for a new trial. A motion for a new trial does not prove itself. We cannot take judicial notice of the rules of the Jackson County Circuit Court, and the record is entirely silent as to any rules being introduced on the motion or otherwise. Nor is there anything in the record to indicate how or by what order the case got into the division where it was tried. We must, presume, in the absence of a showing to the contrary, that all proceedings in that respect were regular.

VI. Appellant complains that the verdict is in violation of Section 25, Article II, of the Constitution, because it inflicts a cruel and unusual punishment. To say that the punishment is cruel and unusual when it is within the terms of the statute which defines the offense, is to say that the statute is unconstitutional. As long as the punishment inflicted by the verdict is authorized by the statute, it is lawful, unless the statute violates that provision of the Constitution.

The provision of the Constitution against cruel and unusual punishment is not directed so much against the amount or duration of the punishment as against its character. This court has held in the case of State v. Alexander, 315 Mo. 199, 285 S. W. 1. c. 985, that the penalties fixed for a violation of the Act of 1923, Laws 1923, page 236, are not cruel and unusual as in violation of the Constitution. The punishment inflicted in this case was within the terms of the statute, and since the statute is not unconstitutional, the verdict is not for that reason.

VII. Appellant complains that the words "sell" and "give away" were not defined in an instruction to the jury. Those words as used in the indictment have no technical significance; a sale or gift of liquor, so far as concerns the physical act, is the same as that of a like disposition of other property. The words employed are in the sense in which they are generally used and a definition of the same would be entirely superfluous. [Cottrill v. Krum, 100 Mo. 397, 1. c. 400, 13 S. W. 753; State v. Weisman, 256 S. W. (Mo.) 740; Brickell v. Fleming, 281 S. W. 959, 960.]

Appellant in his motion for a new trial has not sufficiently specified errors in regard to the giving of instructions. Therefore those given by the court are not before us for review.

The judgment is affirmed. All concur.