## THE STATE v. KLEIN, *Appellant.*

1. **Practice, Criminal.** The objection that an indictment is multifarious, must be raised by motion before trial.
2. **Selling Liquor Without License:** INDICTMENT. An indictment may charge in a single count a violation both of the dramshop law and of the wine and beer-house license law.

*Appeal from Clinton Circuit Court.*—Hon. G. W. Dunn, Judge.

Affirmed.

*R. Hughes* for appellant.

*D. H. McIntyre,* Attorney General, for the State.

Philips, C.—At the April term, 1879, of the Clinton circuit court the defendant was indicted for selling liquor without a license. The indictment is in the following words: "The grand jurors of the State of Missouri, for the body of Clinton county, upon their oath present, that one Henry Klein, on the 15th day of February, 1879, at the county of Clinton aforesaid, unlawfully then and there did sell to a person to these jurors unknown, intoxicating liquor in certain quantities less than one gallon, to-wit: one pint of whisky for five cents, one pint of brandy for five cents, one pint of wine for five cents, one pint of lager beer for five cents, one pint of ale for five cents, one pint of gin for five cents, without taking out a license, without being a dealer in drugs and medicines, and without having any license or legal authority to authorize him so to do, against the peace and dignity of the State."

There was no motion to quash this indictment, but on the trial the defendant's counsel objected to the introduction of any evidence thereunder, for the reasons: that the indictment is insufficient and multifarious, in that it charges two offenses in the same count; it charges in one count a violation of the dramshop law and of the wine and beerhouse license law; and because the indictment fails to negative the proviso in the penal section of the wine and beer license law. The court overruled the objections and defendant excepted.

The bill of exceptions shows that the State offered and introduced evidence tending to show that defendant did sell

beer at a picnic in said county, within one year next before the finding of the indictment, and that as one of the so-called officers of a club-house in the city of Plattsburg in said county, he sold one drink of whisky. On this evidence, under the instructions given, the jury found the defendant guilty, and assessed the fine at $40. After ineffectual motions for new trial and in arrest, the defendant brought the case here on appeal.

I. The indictment is good under section 2, chapter 48, Wagner Statutes. It is not obnoxious to the objection of multifariousness. If it were the objection should have been raised by motion before trial. The indictment in this case is, in terms, the same as that in the *State v. McGrath*, 73 Mo. 182, where it is held that the license of a dramshop keeper authorizes the sale which a wine and beer-shop keeper may make by virtue of his license. This being so, it cannot be maintained that the indictment embraces in one count separate offenses arising under distinct statutes. Besides, the evidence tended to show a sale of both beer and whisky by this defendant, which was well charged in the indictment, and after verdict will sustain the judgment. *State v. Wishon*, 15 Mo. 503.

II. The instructions are unobjectionable, and as the defendant failed to show any license, or to bring himself within any of the exceptions exempting him from the penal liability, the verdict and judgment are well sustained.

The judgment of the circuit court is, therefore, affirmed. All concur.