## THE STATE, *Appellant*, v. BRYANT.

1. **Statute:** CONSTRUCTION: GENERAL WORDS FOLLOWING PARTICULAR: GAMBLING DEVICE. Where a statute enumerates particular classes of persons or things, followed by general words, the general words will be limited in their meaning and restricted in their operation to objects of like kind with those specified. The words, "or other gambling device," in Revised Statutes, section 1548, were only designed to apply to such gambling devices as are of a kindred nature and similar kind to those enumerated in section 1547.

2. ———: ———: GAMBLING DEVICE: GUN AND TARGET. A gun and target are not a gambling device, adapted, devised and designed for the purpose of playing a game of chance, for money or property, within the meaning of the statute.

3. **Construction:** PENAL AND CRIMINAL STATUTES. Penal and criminal statutes are to be strictly construed in those parts which are against persons charged with their violation, but liberally construed in those parts which are in their favor. No person is to be made subject to such statutes by implication.

*Appeal from Webster Circuit Court.*—HON. BEN. V. ALTON, Judge.

AFFIRMED.

*B. G. Boone*, Attorney General, for the state.

The indictment employs the substantial language of the statute and is sufficient. R. S. 1879, sec. 1548; *State v. Flack*, 24 Mo. 378; *State v. Charles*, 24 Mo. 379; *State v. Sutton*, 24 Mo. 380. The rulings of this court in the cases above cited were under the statute of 1845, in which the section, making betting on games a misdemeanor, is identical with the law now in force on this subject. Compare section 1548, Revised Statutes, 1879, with section 16, article 8, chapter 47, Revised Statutes, 1845. It is not necessary that an indictment should fol-

low the exact words of the statute. *State v. Kirk*, 6 Mo. 470 ; *State v. Melton*, 38 Mo. 369 ; *State v. Wilcoxen*, 38 Mo. 371 ; *State v. Scott*, 39 Mo. 426. Under our statute, it is indictable to bet money or property upon any gambling device whatever. *Eubanks v. State*, 5 Mo. 450 ; *State v. Bates*, 10 Mo. 166 ; *Glasscock v. State*, 10 Mo. 509. The object of the law is to suppress gaming, and courts will not discriminate between games of chance and skill. *State v. Jackson*, 39 Mo. 420. This court has held the following, where wagers are made upon them for money or property, to be gambling devices within the meaning of the statute : Faro banks. *State v. Ames*, 1 Mo. 524 ; *State v. Fulton*, 19 Mo. 680 ; *State v. Andrews*, 43 Mo. 470. Cards. *State v. Purdom*, 3 Mo. 114 ; *State v. Skaggs*, 33 Mo. 93. The game called "loto," or shuffle boards. *Lowry v. State*, 1 Mo. 722 ; *State v. Foster*, 2 Mo. 210. Roulette tables. *State v. Simonds*, 3 Mo. 414. Pool tables. *State v. Jackson*, *supra*. Betting upon a game of chance with and by means of half dollars and cracks in the floor of a house. *State v. Flack*, 24 Mo. 378. It has also been held sufficient under the statute to charge the offence generally as a "gambling device," without describing the nature of it. *State v. Nelson*, 19 Mo. 393.

No brief for respondent.

SHERWOOD, J.—The trial court, on motion of the defendant, quashed an indictment, which, omitting formal parts, is as follows :

"That Harvey Bryant * * * did then and there unlawfully and wilfully bet a sum of money, to-wit : one dollar, at and upon a game of chance played with and by means of a target gun and target ; which said target gun and target were then and there a gambling device, adapted to the purpose of playing a game of chance for money and property, contrary to the form of the statute

in such cases made and provided, and against the peace and dignity of the state."

This indictment is based on section 1548, Revised Statutes:

"Sec. 1548. *Betting on Games.*—Every person who shall bet any money or property upon any gaming table, bank or device, prohibited by the preceding section, or at or upon any other gambling device, or who shall bet upon any game played at or by means of any such gaming table, or other gambling device, or who shall loan or furnish any money or property to any other person to be bet as aforesaid, and the same shall be so used, or who shall, in any manner, be interested in any such playing or betting at such device, shall, on conviction, be adjudged guilty of a misdemeanor, and punished by a fine not exceeding twenty-five dollars nor less than ten dollars."

The preceding section, section 1547, reads in this way:

"*Keeping a Gambling Device.*—Every person who shall set up or keep any table or gambling device, commonly called A B C, faro bank, E O, roulette, equality, keno, or any kind of gambling table or device, adapted, devised and designed for the purpose of playing any game of chance, for money or property, and shall induce, entice or permit any person to bet or play at or upon any such gaming table or gambling device, or on the side or against the keeper thereof, shall, on conviction, be adjudged guilty of a misdemeanor, and punished by a fine not exceeding one thousand dollars."

I. It is very evident to my mind that the words "or other gambling device," employed in section 1548, were only designed to apply to such gambling devices as are of a kindred nature and similar kind to those mentioned in section 1547. This view accords with that good rule of construction, which requires that, "where a particular class is spoken of, and general words follow,

the class first mentioned is to be taken as the most comprehensive, and the general words treated as referring to matters *ejusdem generis* with such class." Broom's Leg. Max. [6 Am. Ed.] s. p. 625. Thus, if in a statute, after the enumeration of classes of persons and things, there should be added "and *all others*," such general words will be limited in their meaning and restricted in their operation to objects of like kind with those specified. A familiar example of this "celebrated rule" is found in the case of *Reg. v. Whitnash*, 7 B. and C. 596. Statute 29, 2 Car., chapter 7, section 1, provided "that no tradesman, artificer, workman, laborer, or other person *whatsoever*," should exercise his ordinary calling on the Lord's day. And, thereupon, it was ruled that the words "other person" did not include a *farmer*, because not of like denomination with those specifically mentioned; Bayley, J., remarking that, if all persons were meant, there was no need of the specific enumeration. Bish. Stat. Crimes, sec. 245.

II. But, aside from the familiar rule already adverted to, and looking to the bare reason of the case, it cannot be possible that a "*gun and a target*" were, within the legislative contemplation, a "gambling device," "adapted, devised and designed for the purpose of playing any game of chance, for money or property." If a "gun and a target" are to be so regarded, a game of marbles would fall equally under the statutory ban. Indeed, under such a latitudinous construction, it is difficult to tell what sports might be interdicted, and what games punished.

III. Moreover, the statute being considered is a penal and criminal one, and, as such, is to be strictly construed. *Howell v. Stewart*, 54 Mo. 400; *Kreitzer v. Woodson*, 19 Mo. 327; *Fusz v. Spaunhorst*, 67 Mo. 256; *United States v. Wiltberger*, 5 Wheat. 76. Such statutes are to be strictly construed—that is, construed strictly in those parts which are against defendants, but

liberally construed in those which are in their favor; that is for their ease or exemption. No person is to be made subject to such statutes by implication; and when doubts arise concerning their interpretation, such doubts are to weigh only in favor of the accused. Bishop Stat. Crimes [2 Ed.] secs. 193, 194, 227.

For these reasons, the judgment is affirmed. All concur.