THE STATE OF MISSOURI, Respondent, v. ED WELLOTT, Appellant.

Kansas City Court of Appeals, May 15, 1893.

1. **Sunday Law**: DEFINITION: NECESSARY WORK: CONVENIENCE: UNFORE-SEEN: SHAVING. A definition of necessary work meeting the requirements of different cases is hardly possible, but it is not enough that it should be more convenient to do the work on Sunday than other days; it should be unforeseen, or, if foreseen, such as could not be provided against, and the necessity must not be of the party's own creation. A party may, however, shave himself as he would take a bath or wash his face.

2. ———: EXCEPTION: BURDEN OF PROOF. The state makes a *prima facie* case by proof that the defendant was prosecuting his work, not apparently a work of necessity; if it was work of necessity such as comes within the exception to the statute, the burden to show it is cast upon the defendant.

3. ———: BARBER'S WORK. The usual employment of a barber followed on Sunday as during other days of the week is the performance of work prohibited by the Sunday statute of Missouri.

4. **Court's Duty**: POLICY, OF, LAW. Courts do not sit to say what the law ought to be, but it is their duty to declare the law as they find it, leaving its wisdom and policy to the legislature.

*Appeal from the Randolph Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

AFFIRMED.

*A. H. Waller* and *Will A. Rothwell*, for appellant.

It is not disputed that appellant shaved witnesses Smith and Fox on Sunday. The question is whether or not under the facts and circumstances of this case the work done is within the exception provided in the statute. 1 Revised Statutes, 1889, sec. 3852, p. 919. (2) Said section 3852 unlike similar statutes in many other states, and the English statute of 26 Car. c. 7, sec. 1 p. 2, simply prohibits persons from performing labor on Sunday other than works of necessity or charity, and is not directed in terms against the prosecution of one's special avocation on Sunday. Therefore the averment of the fact in the indictment that appellant labored "at his trade as a barber" is surplusage. The pleader seems to have followed a precedent applicable to the English and similar statutes. *Commonwealth v. Dextra*, 143 Mass. 28; 8 N. E. Rep. 756. (3) The work done by appellant under the circumstances of this case was a work of necessity. Witnesses Smith and Fox could have legally shaved themselves, and being unable to do so another could legally perform this labor for them. It is the character of the work under our statute that renders the act criminal. *Stone v. Graves, Adm'r.*, 145 Mass. 353; 13 N. E. Rep. 906; *Commonwealth v. Waldman*, 21 Atl. Rep. 248; Law Rep. Ann. 563. The court erred in refusing the instruction asked by appellant. *Ungericht v. State*, 119 Ind.

379; *Edgerton v. State*, 67 Ind. 588; *Spaith v. State*, 22 Weekly Law Bulletin (Ohio), 323; 2 Bishop's New Criminal Law [8 Ed.] sec. 958, p. 557.

*Frank F. Wiley* and *Wm. Palmer*, for respondent.

(1) Indictment is drawn under section 3852, Revised Statutes, 1889, p. 919, and charges the offense in the language of the statute and according to approved forms and is sufficient. Kelly's Criminal Law; *State v. Fissing*, 74 Mo. 72; *State v. Anderson*, 81 Mo. 78; *State v. Miller*, 93 Mo. 263; *State v. West*, 21 Mo. App. 309. (2) State made a *prima facie* case by proving that defendant performed labor on Sunday not apparently a work of necessity or charity, and the burden was then upon defendant to show that the labor done was within the exception of the statute. *State v. O'Brien*, 74 Mo. 549, and authorities cited; *State v. Elam*, 21 Mo. App. 290; *State v. Taylor*, 73 Mo. 53. (3) Shaving customers on Sunday by a barber is not a "work of necessity or charity" and not within the exceptions of the statute prohibiting labor on Sunday. *Commonwealth v. Waldman*, 21 Atl. Rep. 248; 8 Pa. Co. Ct. Rep. 449; *Cleary v. State*, 19 S. W. Rep. 313; *State v. Frederick*, 45 Ark. 348; *State v. Schuler*, 23 Weekly Law Bulletin, 450; *Ungericht v. State*, 21 N. E. Rep. 1082; 119 Ind. 379; *Commonwealth v. Jacobus*, 1 Pa. Leg. Gaz. Rep. 491; *Commonwealth v. Williams*, 15 Cent. Law Jour. 145; *Norris v. State*, 31 Ind. 189; *Phillips v. Innes*, 4 Clark & Fin. 234; Bishop on Statutory Crimes, 245.

GILL, J.—Defendant was indicted, tried and found guilty of working at his trade as barber on Sunday contrary to the statute; and from a judgment thereon he has appealed to this court.

I. The section of the statute under which the defendant is prosecuted reads as follows: "Every person who shall either labor himself or compel or permit his apprentice or servant or any other person under his charge or control to labor or perform any work other than the household offices of daily necessity or other works of necessity or charity * * * on the first day of the week, commonly called Sunday, shall be deemed guilty of a misdemeanor and fined not exceeding $50." 1 Revised Statutes, 1889, sec. 3852.

The evidence unquestionably shows that on the Sunday in question the defendant was engaged in running his barber shop at Moberly in the ordinary manner; was himself working at his trade shaving customers as they came in. There were but two witnesses on the stand and they agree that the defendant was engaged at his labors as usual, and that they noticed no difference in the customary appearance of things, except that perhaps the blinds were down. These two parties were shaved, and others were served by the defendant before and after such witnesses were. Clearly then defendant was engaged in work or labor on the statutory Sabbath day. Was such work within the exception, was it a work of *necessity* such as the law permits? Defendant's counsel insists that it was, and herein rests the sole defense. The judge below trying the case without a jury held that the work so done by defendant did not come within the exception, was not a necessity. We think the decision was correct under the law.

It is hardly possible to give such a definition of *necessary* work as will meet the requirements of different cases. The futility of the effort to gather this from adjudicated cases will be readily seen by a reference to the decisions. Ringgold's Law of Sunday, pp. 230, *et seq.*, and cases cited. It is not enough that it shall

be more *convenient* to do the work on Sunday than on other days of the week. *Phillips v. Innes*, 4 Cl. & F. (Eng. H. L.) 244. Generally speaking it ought to be an unforeseen necessity, or if foreseen such as could not reasonably have been provided against. *State v. Ohmer*, 34 Mo. App. 115; *Ungericht v. State*, 119 Ind. 381. Neither must the necessity be of the party's own creation. *Bucher v. Railroad*, 131 Mass. 156. Now as to the act of shaving the two witnesses, Smith and Cox, the defendant was little more than serving the mere convenience of his customers; it would seem to have been a necessity of their own creation. But, however this may be, the evidence shows that the defendant on the Sunday in question was engaged in barber's work for various other people. Indeed defendant was prosecuting his trade and performing his customary work for all who applied at his place of business. The test of *necessity* in individual cases was not considered. The state's case was made *prima facie* by proof that defendant was then and there prosecuting his work, not apparently a work of necessity; if it was work of necessity, such as comes within the exception to the statute, the burden to show it was cast on the defendant. *Troewert v. Decker*, 51 Wis. 46; *Fleming v. People*, 27 N. Y. 329; *Bosworth v. Swansey*, 10 Met. 363; *State v. Frederick*, 45 Ark. 347; *Cleary v. State*, 19 S. W. Rep. 313; *State v. Elam*, 21 Mo. App. 290; *State v. O'Brien*, 74 Mo. 549.

The argument of defendant's counsel, to the effect that as one might shave himself on the Sabbath day without infringing the law the same party might lawfully secure the services of another for the like purpose, is more specious than sound. A party may shave himself as he would take a bath or wash his face and it would not be understood as labor or work, but when the barber opens up his shop and there follows his

usual worldly employment it is quite a different matter, he is engaged in *work* as ordinarily understood. *Commonwealth v. Waldman*, 140 Pa. St. at p. 98; *Phillips v. Innes*, 4 Cl. & F. 244.

From what is here said it will be seen that we approve the court's action in refusing the declaration of law offered by defendant.

Our conclusion then is, that the usual employment of a barber followed on Sunday as during other days of the week is the performance of work prohibited by the statutes of this state, and that defendant under the circumstances of the case was clearly guilty, as was declared by the lower court.

It is entirely improper for us to animadvert on the propriety of this statute. We are not here to say what the law ought to be or to assert that barber work *ought* to come within the exceptions to the law for the observance of the Sabbath. It is our duty to declare the law as we find it, and leave the wisdom or policy of the statutes to the legislative branch of government.

The judgment will be affirmed. All concur.