STATE OF MISSOURI, Respondent, v. JAMES HARRISON, Appellant.

St. Louis Court of Appeals, April 23, 1895.

1. **Criminal Law**: INDICTMENT: DUPLICITY.   An indictment is objectionable for duplicity, if it charges in one count that the defendant aided in the escape of a person from the custody of a ministerial officer, and that the prisoner was at the time under arrest both for a felony and a misdemeanor; for to assist in such escape is a felony when the prisoner is in custody for an offense of that grade, and otherwise is a misdemeanor.

2. ———: ———: ———: OBJECTION AFTER VERDICT.   But an objection to an indictment for duplicity must be made by demurrer or motion to quash; a verdict will cure the defect.

3. ———: EXTENSION OF TIME FOR FILING OF BILL OF EXCEPTIONS.   When time given beyond the term for the filing of a bill of exceptions has expired, neither the court nor the parties, nor both combined, can authorize a further extension.

*Appeal from the St. Louis County Circuit Court*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*Frank J. O'Reilly* for appellant.

The indictment is defective, as it states facts which constitute two distinct offenses, based on two sections

of the statutes, one a felony and the other a misdemeanor. R. S., secs. 3695, 3696 and 3697; *State v. Green*, 24 Mo. App. 227; *People v. Wright*, 9 Wend. 196.

No brief filed for respondent.

BIGGS, J.—The defendant was indicted and convicted for aiding in the escape of a prisoner from the custody of a deputy sheriff of the county. His punishment was assessed at a fine of $200, and ninety days' imprisonment in the county jail. He appeals, and claims that the indictment is fatally defective, and that the court erred in its instructions.

In reviewing the case we can only look into the record proper, for the reason that the bill of exceptions was filed out of time. The appeal was taken at the May term, 1894. Leave was given to file bill of exceptions on or before October 8, following. This order was not complied with, but, after the expiration of the time, to wit, the twenty-third day of October, the circuit court, by an order entered of record, attempted to extend the time for filing the bill for thirty days from that date. In compliance with the last order, it was filed on November 20.

The filing of the bill was unauthorized. The trial judge may, within the current period, extend the time for filing a bill of exceptions. After that time, if the term has expired, neither the court nor the parties, nor both combined, can authorize it to be done. *Dorman v. Coon*, 119 Mo. 68; *Burdoin v. Town of Trenton*, 116 Mo. 358; *Wyllie v. Heffernan*, 58 Mo. App. 657; R. S., sec. 2168.

The indictment is subject to the objection, that it unites in one count two separate and distinct offenses.

It charges that the defendant "on the thirteenth day of July, one thousand, eight hundred and ninety-three, at the county of St. Louis, in the state of Missouri, did then and there unlawfully and feloniously aid and assist one William Mitchell to escape from the lawful custody of one Edmond Hencken, who was then a ministerial officer and deputy sheriff within and for said county, by then and there unlawfully and feloniously thrusting and obtruding his body between said Edmond Hencken and William Mitchell, and speaking to said Edmond Hencken, confusing, challenging and threatening language, with the intent that thereby said William Mitchell should escape from the said lawful custody of said officer, while he, the said William Mitchell, was then and there lawfully arrested by, and in the lawful charge of, him, the said Edmond Hencken, for then and there having engaged in a felonious *prize fight*, and for then and there being in the commission of an *unlawful disturbance and breach of the public peace*, and then and there participating in an *unlawful assembly* of divers persons, not less than three, assembled together with a mutual agreement among themselves to assist one another as such assembly to do and commit divers unlawful acts with violence against the peace of the people; and while he, the said James Harrison then and there well knew that the said Edmond Hencken was such ministerial officer and deputy sheriff, and that he, the said William Mitchell, was in the lawful charge and custody of him, the said Edmond Hencken, as aforesaid; and whereupon, by means of the aiding and assisting done as aforesaid, the said William Mitchell then and there made his escape from the said officer," etc.

As will be seen, the indictment charges that Mitchell was held in custody for engaging in a prize

fight. Under the statute, prize fighting is made a felony. R. S., sec. 3757. Any person aiding or assisting another, who is charged with a felony, to escape from the penitentiary or other place of confinement, or from the custody of a sheriff or other ministerial officer, is likewise guilty of a felony, and punished accordingly. R. S. secs. 3695 and 3697. It also charges that Mitchell was held for a breach of the peace, and also for participating in an unlawful assembly (R. S., sec. 3761), both of which are misdemeanors. Under the statute (section 3696), any person aiding or assisting one who is held in confinement or custody for an offense, other than a felony, is to be adjudged guilty of a misdemeanor. Thus it appears that the defendant was charged in the same count of the indictment with the commission of distinct and separate offenses, which are created by different statutes and require different punishments. *State v. Green*, 24 Mo. App. 227. However, the objection that an indictment is bad for duplicity must be made by demurrer or motion to quash. A verdict will cure such a defect. *Hilderbrand v. State*, 5 Mo. 548; *State v. Klein*, 78 Mo. 627; Kelly's Criminal Law, sec. 200.

The judgment of the circuit court will be affirmed. All concur.