THE STATE OF MISSOURI, Respondent, v. JAMES
STUCKEY, Appellant.

Kansas City Court of Appeals, April 6, 1903.

1. **Criminal Law: SUNDAY STATUTE: NECESSITY: POLICY.**
The vagueness of the words "necessity" and "charity" in the Sunday statute is pointed out as also the difficulty of applying them with uniformity to everyday life, although the policy of such law to compel the observance of Sunday as a day of rest is sufficiently settled.

2. ———: ———: ———: BRINGING THRESHER HOME ON
SUNDAY. The owner of a steam thresher, taking it from the repair shop, was not able to reach home on Saturday evening. He completed this on Sunday and gave as an excuse that he had a contract to thresh on Monday his neighbor's wheat which was in the shock and all preparations made. *Held*, the taking of the machine home on Sunday was not a work of necessity and the excuse was insufficient.

3. ———: ———: ———: ———. It is suggested that had the
leaving of the thresher in the highway been a matter of obstruction thereof or of the scaring of teams, a different case might have been presented.

4. **Trial Practice: REGULAR PANEL: JURY SUMMONED BY
SHERIFF.** The fact that the regular panel had been dismissed before a case was reached and thereupon the sheriff on order of the court summoned a jury, is not a sound objection by defendant in a criminal case.

Appeal from Platte Circuit Court.—*Hon. A. D. Burnes,*
Judge.

AFFIRMED.

*John W. Coots* for appellant.

(1) The court should have sustained defendant's objections to the panel of jurors, as they were not summoned in the manner provided by law, and the defendant was entitled to be tried by the regular panel. R. S.

1899, sec. 3769. (2) The court erred in refusing instruction No. 1, asked by the defendant. The "necessity" contemplated by section 2240, Revised Statutes 1899, is not an absolute necessity, but a relative necessity, and the defendant had the right to have the jury so informed by the court. Burnett v. Tel. Co., 39 Mo. App. 599.

*Sid Beery* for respondent.

(1) Section 3769, R. S. 1899, cited by appellant, refers only to the drawing of the petit jury by the county court, and not to the trial of cases. It was perfectly proper and in accordance with the statutes for the court to direct the sheriff to summon a jury to try the case, after the regular panel had been exhausted, "by challenge or otherwise." R. S. 1899, sec. 3789. (2) As to the moving of the engine being a work of necessity: Bennett v. Tel. Co., 39 Mo. App. 599, cited by appellant is hardly in point in this case. And in this case, if there was a moral fitness or propriety of the work and labor, moving and running his engine along a public highway, we are unable to see it. It is not contended that it was a work of charity. Hence, to be not guilty under the statute, it must have been, as claimed, a work of necessity. Where was the necessity?

ELLISON, J.—The defendant was indicted and convicted of working on Sunday. Among other instructions there was a demurrer to the evidence for the State. It was refused. There is no dispute of the substantial facts, and the only question is, whether the work was one of necessity, and thus brought within the exception of the statute. Defendant in the year 1901 was the owner of a threshing machine and operated it with a steam engine now commonly used for such purpose. He had engaged to thresh some wheat in his neighborhood, and to begin on Monday, July 1. He had taken

the engine to Leavenworth, Kansas (about ten miles from his home in Missouri), for repairs and was notified on June 28 that it would be ready for him on Saturday, June 29. He went for it on the morning of that day and after getting it out of the repair shop only a short distance into the street, found it could not be propelled by its own power, and he was delayed with further repairs until near five o'clock in the afternoon. He then proceeded with it towards home. He got near half way by ten o'clock at night to a place in Missouri known as "Green's Lane," and there had to leave it in the public highway. The next morning (Sunday) he went after it and after getting up steam propelled it on to his home. He did this with the avowed knowledge that he might be prosecuted.

What labor should be called a work of necessity or charity has produced as much of conflict of decision as any other branch of the law, and Ringgold's Law of Sunday, 193, says: "It is safe to say that the vagueness of these words, and the impossibility of applying them with anything like uniformity to everyday life, would cause the courts to hold the whole law void for uncertainty, if it were anything else but a Sunday law." In City of St. Joseph v. Elliott, 47 Mo. App. 422, we said that whether Sunday laws are upheld on the theory of religious, political, or social duty, it was certain that religious promptings have been, in great part at least, the cause of their enactment in this country. Judge SCOTT stated that they were designed to compel a cessation from labor that there might not be a profanation or desecration of the day. State v. Ambs, 20 Mo. 216. Judge BURGESS said in State v. Granneman, 132 Mo. 326, that the policy of such laws was "to compel the observance of Sunday as a day of rest." But while those cases may show the object of Sunday laws and the cause back of their enactment, they throw no light on the puzzling words, "necessity," and "charity."

State v. Stuckey.

"Necessity," is the word with which we are now concerned.

The only necessity which was brought forward by defendant in his defense was that he had a contract to thresh his neighbor's wheat on Monday, which was then standing in shock in the field. But that (if a necessity at all) was a necessity voluntarily brought about by himself and is not allowable as a defense. State v. Wellott, 54 Mo. App. 310. The upshot of the contention is that it was more convenient to move the engine on Sunday in consequence of work to begin on Monday morning and "threshing preparations" having all been made by the owner of the wheat. But that will not do. For, "it is no sufficient excuse for work on the Lord's Day, that it is more convenient or profitable if then done than it would be to defer or omit it." Commonwealth v. Sampson, 97 Mass. 407. "The cleaning out of a wheel pit on the Lord's Day, for the purpose of preventing the stoppage, on a week day, of mills which employed many hands, is not a work of necessity." McGrath v. Merwin, 112 Mas. 467. A person can not "supply fresh meat to marketmen whom his master has agreed to supply therewith, although he could not do this, in addition to his other work, on Monday morning and his master, by reason of being ill is unable to do it himself." Jones v. Andover, 10 Allen 18. A person traveling "on the Lord's Day to ascertain whether a house which he has hired, and into which he intends to move the next day, has been cleaned, is not traveling from necessity." Smith v. Railroad, 120 Mass. 490.

Had it appeared that the engine thus unavoidably left in the highway was an obstruction interfering with travel, either by actual obstruction, or the scaring of horses, a different case would have been before us. For it may be that such, and, perhaps, other, reasons of kindred nature, might have made a real necessity to remove it. Nothing of that nature appears in the case, and no issue of that kind was tried. We therefore

feel constrained to hold with the trial court that defendant was not entitled to a peremptory instruction.

What we have already said makes little consequence of objections to evidence which defendant made as the case progressed concerning the good state of weather and there being no probability of the wheat injuring by delay. If this had been a case of impending necessity to thresh the wheat at that particular time on account of a condition of weather, it might, in certain circumstances, have been a good defense to be made to appear by the defendant. But we do not wish to make decision of cases not in the record. We are, however, satisfied that no harm resulted to defendant since, if for no other reason, his own testimony, in the views we have herein set out, showed him to have violated the statute.

2. It appears that some days prior to this case being called for trial the court had discharged the regular panel, and when this case came up the sheriff was ordered to summon a jury. Objection was made to the jury as summoned by the sheriff on the ground that the statute (section 3769, Revised Statutes 1899) provides that juries are to be drawn by the county court. We believe the objection to be unsound. Besides, the statute having been held to be directory (State v. Pitts, 58 Mo. 556; State v. Knight, 61 Mo. 373), the next following section empowers the sheriff to summon grand jurors when the county court fails to act; and for the same reason authorizes the court to order the sheriff to summon a petit jury from bystanders.

What we have already said, in effect, disposes of defendant's complaint of the court's action in refusing his first instruction.

The judgment is affirmed. All concur.