## STATE OF MISSOURI, Respondent, v. MATT YOUNG et al., Appellants.

Springfield Court of Appeals, April 1, 1912.

1. **CRIMINAL LAW: Gaming: Information.** In a prosecution for gambling the information charged that the defendants "unlawfully bet a sum of money, to-wit, twenty-five cents upon a game of chance, commonly called craps, and then and there played by means of a certain gambling device, to-wit, dice and a blanket adapted for playing games of chance for money and property." *Held*, that the information was good under section 4751, Revised Statutes 1909, but whether it was good under section 4764 is not decided. *Held, further*, that under the evidence in this case the better practice would be to proceed under section 4764.

2. ———: ———: ———. Section 4750, Revised Statutes 1909, now covers all kinds of gambling devices, which are adapted, devised and designed for the purpose of playing games of chance when used, as stated in the statute, and an information charging in the language of the statute that the particular gambling device described in the information was then and

there adapted, devised and designed for the purpose of playing games of chance for money and property is sufficient, and dice and a blanket are a gambling device within the meaning of said section, when used as therein described. But *held*, that the information in this case did not charge the offense under this section because it only charged that the device was adapted for the purpose, etc., and not that it was "adapted, devised and designed" for such purpose.

3. ————: ————: ————. Section 4751, Revised Statutes 1909, is broader than section 4750, and includes gambling devices not included in the latter section, and section 4751 covers all gaming devices adapted for the purpose of playing games of chance, when used to play a game of chance for money or property, even though such device be not set up or kept as provided in section 4750. The information in this case is *held* sufficient under section 4751.

4. ————: ————: ————: Information Charging Gambling for Money: Sufficiency of Evidence. In a prosecution for gaming, where the information specifically charges that the defendants bet a certain sum of money and the proof showed that the defendants were gambling for a stake of some kind, but did not show whether they were gambling for money or other kind of property, the judgment of conviction cannot be sustained.

5. ————: Information: Charging Violations Conjunctively. Where a statute contains several things in the alternative and the indictment or information charges all conjunctively, proof that the offense was committed in any one of the ways charged, which is forbidden by the statute, will be sufficient.

6. ————: ————: Charging Violation in Particular Way: Burden of Proof. When the state charges a violation in a particular way it must be bound by the position it takes and is not entitled to a verdict in its favor unless it makes proof of the particular charge which it has made.

Appeal from Dade Circuit Court.—*Hon. B. G. Thurman*, Judge.

REVERSED AND REMANDED.

*Shafer & Wetzel* for appellants.

(1) Appellants' motion to quash the information should have been sustained, for the reason that no offense prohibited by the laws of the state of Missouri was charged therein. The intention was doubtless to

charge a violation of section 4751, Revised Statutes 1909. But "dice and a blanket" are not such gambling devices as are prohibited by section 4750, Revised Statutes 1909, nor are they *ejusdem generis* with those devices. State v. Bryant, 90 Mo. 534; State v. Gilmore, 98 Mo. 206; State v. Elchman, 184 Mo. 193; State v. Koock, 202 Mo. 235. (2) The verification by the prosecuting attorney in court was not objected to by appellants and possibly this defect was cured, but the motion should still have been sustained for failure to endorse the witnesses on the information. State v. Roy, 83 Mo. 268; State v. Griffin, 87 Mo. 608; State v. Davidson, 44 Mo. App. 513; State v. Heinze, 45 Mo. App. 403. (3) There is no evidence in the record that appellants or any of them bet any sum of money on any game, or played any game for money or bet any money on the hands or sides of any person who did play. The demurrer should have been sustained.

*Edwin Frieze,* Prosecuting Attorney, and *Wm. B. Skinner,* of counsel, for respondent.

(1) The information in this case is bottomed on section 4764, Revised Statutes 1909. It is sufficient in law, following as it does the language of the statute, and it contains all the essential averments to notify the accused of the nature and cause of the accusation. The action of the trial court, therefore, in sustaining the information on the ground that it failed to charge the defendants with an offense against the laws of the state, was right. The action of the court in overruling the motion to quash was also right in respect to the second ground on which the information was assailed. Dice being specifically mentioned in the statute, as a gambling device which may be adapted to or used in playing a game of chance, it was not necessary for the state to allege or prove that the same was in fact a gambling device. R. S.

1909, sec. 4764; State v. Maupin, 71 Mo. App. 54. (2) Finally it is urged that the trial court erred in refusing to sustain the demurrer to the evidence. The evidence was sufficient to go to the jury and it makes a prima facie case, one which the accused makes no attempt to rebut or explain. The verdict should stand. State v. Andrews, 43 Mo. 470; State v. Drahn, 140 Mo. App. 263.

COX, J.—Prosecution by information for gambling. This case originated in justice court and in that court, these defendants and one Robert Shields, who was jointly charged with them, were all convicted and appealed to the circuit court. In that court the appeal was dismissed as to Shields and upon trial by jury, the other defendants were convicted and have appealed to this court.

A motion to quash the information was filed, overruled, and exception saved. The formal parts of the information were in the usual form. The charging part of the information is as follows: "That said defendants, Wm. Gilmore, Natt Young, Bob Shields, Gene Martin, Elbert Hobbs, and Wm. Perry on the —— day of July, A. D. 1911 at said county of Dade did then and there unlawfully bet a sum of money, to-wit, 25 cents upon a game of chance, commonly called 'craps' and then and there played by means of a certain gambling device, to-wit, dice, and a blanket adapted for the purpose of playing games of chance for money and property."

Objection is made that this information is not good under any section of the statute. There are but two sections that it can be placed under, to-wit, sections 4751 and 4764, Revised Statutes 1909. As to section 4751, it is contended that the gambling devices mentioned therein are the same as those covered by section 4750 only, and that dice and a blanket are not

included in section 4750 and therefore not included in section 4751.

Section 4750 as far as it relates to the question in hand is as follows: "Every person who shall set up or keep any table or gaming device commonly called A B C, faro bank, roulette, equality, keno, *slot machine, stand or device of whatever pattern kind or make, or however worked, operated or manipulated,* or any kind of gaming table or gambling device adapted, devised and designed for the purpose of playing any game of chance for money or property, and shall induce, entice or permit any person to bet or play at or upon any such gaming table or gambling device, or at or upon any game played or by means of such table or gambling device or on the side or against the keeper thereof. . . ." The words italicized were added by amendment in 1901.

Section 4751 is as follows: "Every person who shall bet any money or property upon any gaming table bank or device prohibited by the preceding section, *or at or upon any other gambling device,* or who shall bet upon any game played at or by means of any such gaming table *or other gambling device.* . . ." (The italics are ours.)

The Supreme Court of this state has construed section 4750 to be restricted to the gambling devices named therein and others of a like kind, under the rule of construction which requires that "where a particular class is spoken of and general words follow, the class first mentioned is to be taken as the most comprehensive and the general words treated as referring to matters *ejusdem generis* with such class." [State v. Bryant, 90 Mo. 534.] The strict construction put upon that section, however, was very much modified in later cases before the amendment of 1901 as the discussion of this section in later opinions of the court will show. [See State v. Rosenblatt, 185 Mo. 114, 83 S. W. 975; State v. Lockett, 188 Mo. 415, 87 S. W. 457;

State v. Mathis, 206 Mo. 604, 105 S. W. 604.]    Since
the amendment of the statute in 1901, the Supreme
Court has held, as we understand it, that section 4750
as it now stands is broad enough to cover all gambling
devices of whatever kind or character that are adapted,
devised, and designed for the purpose of playing
games of chance for money or property whether they
are of the same general class as those specifically
named in that section or not, when such gambling de-
vice is set up or kept for the purpose of inducing, en-
ticing or permitting persons to gamble therewith, and
persons are, in fact, induced, enticed, or permitted to
do so. [State v. Hall, 228 Mo. 456, 128 S. W. 745; State
v. Lee, 228 Mo. 480, 128 S. W. 987; State v. Chauvin,
231 Mo. 31, 132 S. W. 243.]

In the Hall case, attention was called to the
amendment of the statute, and also to the fact that in
some of the former decisions of the court, their atten-
tion had not been directed to the amendment, and in
speaking of the words added by the amendment it is
said that they "were intentionally added for the pur-
pose of covering every kind of gambling table or gam-
ing device adapted, devised and designed for the pur-
pose of playing any game of chance for money or prop-
erty where the person setting up and keeping the same
induces, entices or permits persons to bet and play at
and upon such gaming table or gambling device or on
the side or against the player thereof." Under the
authority of this case, this statute, section 4750, now
covers all kinds of gambling devices which are adapted,
devised and designed for the purpose of playing games
of chance when used as above stated, and an informa-
tion charging, in the language of the statute, that the
particular gambling device described in the informa-
tion was then and there adapted, devised and designed
for the purpose of playing games of chance for money
and property is sufficient. [State v. Mathis, supra.]
The proof required to sustain a conviction is satis-

factory if it shows 'that the device was of the char-
acter just described and was kept for the purpose of
permitting persons to play games of chance thereon
for money or property. If, therefore, we adhere to the
rule that section 4751 covers no gambling device not
included in section 4750, dice and a blanket are a gamb-
ling device within the meaning of both sections when
used as above described. We, therefore, hold the in-
formation good as against the objection that dice and
a blanket are not a gambling device within the mean-
ing of the statute. Whether they are or not is a ques-
tion of proof depending upon the use made of them.

If, however, this information were drawn under
section 4750 it would be bad for another reason. It
does not follow the language of that section and does
not charge that the gambling device, to-wit, dice and
a blanket, were *adapted, devised* and *designed* for the
purpose of playing games of chance for money and
property but only charges this device was adapted for
the purpose, etc. It has been held by the Supreme
Court of this state that "the terms 'adapted, devised
and designed,' applicable to the devices not specifi-
cally named in section 4750 are not merely words de-
scriptive of the offense, but they are essential facts
forming an important part of the definition of the of-
fense. To properly define the offense as to a device
that is not specially mentioned in the statute, it must
be alleged that the device was adapted, devised and
designed for the purpose of playing games of chance
for money or property," and that the use of these
words or words of the same meaning are essential in
charging a party with keeping a gambling device not
named in this statute. [State v. Etchman, 184 Mo. 193,
83 S. W. 978.] Dice and a blanket not being named in
section 4750 and the essential allegations above men-
tioned being omitted in this information, it would not
be good under section 4750. That section does not
cover all gambling devices that are adapted to, that

is, appropriate for, playing games of chance but to come under that section they must also be devised and designed for the purpose of playing games of chance. This information not being good in this particular under section 4750, it is not good under section 4751, unless that section is broader than section 4750 and includes gambling devices not included in that section.

It was held in State v. Bryant, 90 Mo. 534, that what are now sections 4750 and 4751 were identical in so far as the gambling devices covered by the two sections is concerned and if we are bound by that case, then we must hold this information bad under section 4751 because it would not be good if drawn under section 4750. That case was decided under Revised Statutes 1879 in which these two sections were sections 1547 and 1548. The charge was under section 1548 which corresponds to 4751 under the present statute and in commenting upon the scope of this section, the court said: "It is very evident to my mind that the words 'or other gambling device' employed in section 1548 (now 4751) is only designed to apply to such gambling devices as are of a kindred nature and similar kind to those mentioned in section 1547 (now 4750)." In the later case, however, of State v. Gilmore, 98 Mo. 206, the court in commenting upon the difference in the same two sections at pages 213 and 214 uses this language: "Another rule of construction is, 'that every word and clause should, if possible, have assigned to it a meaning leaving no useless words. . . .' So if every kind of gambling device was intended to be included in the class of devices mentioned in this section (meaning section 1547, now 4750) what is the necessity in section 1548 (now 4751) after providing a penalty for anyone who should bet upon any gaming table bank or device prohibited by section 1547 (now 4750) of adding the words 'or at or upon any other gambling device?' Evidently they were used because in the mind of the legislator the gen-

eral words in the preceding section being limited to devices of the kind mentioned it was necessary to use additional words to include devices not of the class mentioned, otherwise, they are useless.'' Also on pages 214 and 215 it is said: ''That ordinary playing cards were not within the meaning of the lawmaker in section 1547 (now 4750) as it appears in the original law covering this subject (Revised Statutes 1825, page 308, section 87), and that they were within his meaning in the two following sections 1548 (now 4751) and 1549 (Revised Statutes 1825, page 310, sections 88-89) is clearly apparent.'' The language of the sections referred to in Revised Statutes 1825 is practically the same as in the present statute. The Gilmore case is a later case than the Bryant case and it is our duty to follow it, and it, in effect, overrules the Bryant case on the question of the scope of section 4751 being restricted to the same gambling devices included within the terms of section 4750.

From a review of all the cases above cited our conclusion is that section 4750 now covers all gambling devices adapted, devised and designed for the purpose of playing games of chance when they are set up and kept in a fixed place for the purpose of enticing or permitting persons to play games of chance therewith for money or property. That section 4751 covers all gaming devices adapted for the purpose of playing games of chance when used to play a game of chance for money or property even though such device may not be set up or kept as provided in section 4750.

The only remaining question as to the sufficiency of the information under section 4751 is, whether dice and a blanket are a gambling device with which games of chance are played. The information alleges that they are, and as all gambling devices of this character are covered by section 4751, this charge in this information is sufficient, and the question whether or not

dice and a blanket are such a gambling device becomes
one of proof. This statute is directed against those
who bet upon gambling devices or bet upon games
played at or by means of gambling devices, and as this
statute reaches all gambling devices with which games
of chance are played, it is not necessary in an infor-
mation under this section to charge that the gambling
device was *adapted, devised* and *designed* for the pur-
pose of playing games of chance but it is sufficient to
allege that the device was adapted to playing games
of chance as was done in this case, or that it was a de-
vice with which games of chance are played. [State
v. Torphy, 66 Mo. App. 434; State v. Trott, 36 Mo.
App. 29.]

The remaining question in this case is whether the
proof sustains the charge in the information. The
charge is specific and charges that the defendants bet
a certain sum of money, to-wit, 25 cents on a game of
chance, commonly called craps, played with dice. The
evidence for the state briefly stated is, that the sheriff
came upon these defendants and three others out in
the woods. They were hunkered down around a horse
blanket and one of them was seen to throw something
on the blanket that looked like dice. When the sheriff
was discovered approaching them they all grabbed for
something on the blanket and two of them ran away.
When the sheriff came up to them, one, who had dice
in his hand, said: "I reckon I have got a right to
shoot dice on my own place." Had the charge in the
information been broad enough to have covered bet-
ting other kinds of property as well as money, we
should be inclined to hold the evidence sufficient to
show that they were playing for a stake of some kind
and were therefore guilty. [State v. Hayes, 154 Mo.
App. 588, 136 S. W. 8.] But since games may be played
for property of other descriptions as well as for
money, we are not prepared to say that proof that par-

ties are engaged in gambling is proof that they were gambling for money. Where a statute contains several things in the alternative and the indictment or information charges all conjunctively, proof that the offense was committed in any one of the ways charged which is forbidden by the statute will be sufficient. [State v. Murphy, 47 Mo. 274; State v. Miller, 188 Mo. 370, 87 S. W. 484; St. Louis v. Theater Co., 202 Mo. 690, 100 S. W. 627.]

Had the prosecution in this case followed that rule and charged that the defendants bet money and property, a case could then have been made by proof of facts which would warrant a finding that the defendants were playing for something of value without specifying the particular thing for which they were playing. We know of no authority, however, for the position that a charge of violating the law in one of the ways forbidden may be sustained by proof that it has been violated in some other way forbidden by the same law. When the state charges a violation in a particular way, it must be bound by the position it takes and is not entitled to a verdict in its favor unless it makes proof of the particular charge which it has made. [State v. McNerney, 118 Mo. App. 60, 94 S. W. 740; State v. Fay, 65 Mo. 490; State v. English, 67 Mo. 136; State v. Moore, 178 Mo. 348, 77 S. W. 522.] The state having failed to prove that the defendants bet money as charged, a verdict of acquittal should have been directed.

While we think this information good under section 4751 and do not pass upon the question of its sufficiency under section 4764, yet, when the evidence shows, as it does in this case, that the parties charged played at the game and used cards or dice, the better practice would be to proceed under section 4764 and charge the parties in the language of that section with playing at a game for money, property or gain with cards or dice as the case may be. If the kind of prop-

erty or gain played for is unknown that allegation could be made and in that event the state would not be required to prove that the game was played for a designated kind of property. Judgment reversed and cause remanded. *Gray, J.*, concurs. *Nixon, P. J.*, concurs in the result and is of the opinion that the information is good under section 4751, Revised Statutes 1909.