STATE OF MISSOURI, Respondent, v. EVERETT THOMAS, Appellant.

Springfield Court of Appeals, May 8, 1922.

1. **INDICTMENT AND INFORMATION:** **Information Charging Two Offenses Entailing Same Punishment, Held Cured by Verdict.** Where the information charges two offenses, which are not repugnant to each other and entail the same punishment, and no motion to quash was filed and no attack was made on the information before trial, the information will be *held* good after verdict.

2. ———: **Information Charging Wife Abandonment and Nonsupport in Same Count, Held not Multifarious.** Under Laws 1921, p. 281, declaring it a misdemeanor for a man, without good cause, to abandon ''or'' fail to support his wife, an information, which

charges abandonment and failure to support, without good cause, in the same count, is not multifarious.

3. **CRIMINAL LAW: Objection that Testimony Should Have Been Confined to Date Since Statute Took Effect not Considered, Where no Objection, Motion to Elect, or Request for Instruction.** In a prosecution for wife abandonment under Laws 1921, p. 281, objection that the testimony should have been confined to time since the date the statute went into effect cannot be raised on appeal, when the question was not raised during the trial by motion to elect or objection to testimony, and no request for an instruction thereon was asked.

4. **HUSBAND AND WIFE: In Prosecution for Wife Abandonment, State Must Prove That the Acts Were Committed Without Good Cause.** In a prosecution for wife abandonment under Laws 1921, p. 281, the State must prove, not only the abandonment or failure to support, but that these acts were without good cause.

Appeal from Shannon County Circuit Court.—*Hon. E. P. Dorris*, Judge.

REVERSED AND REMANDED.

*L. B. Shuck* and *Allen & Allen* for appellant.

(1) The State must show beyond a reasonable doubt that the abandonment was without just cause as well as the failure and refusal of the husband to support the wife, and the burden is on the State even though this requires the State to prove the negative. The State failed to prove that the abandonment was without good cause. State v. Fuchs, 17 Mo. App. 458; State v. Brinkman, 40 Mo. App. 284; State v. Satchwell, 68 Mo. App. 39; State v. Linck, 68 Mo. App. 162; State v. Weber, 48 Mo. App. 500; State v. Bruening, 60 Mo. App. 51; State v. Greenup, 30 Mo. App. 299, l. c. 303; State v. Broyer, 44 Mo. App. 393; State v. Tietz, 186 Mo. App. 672, l. c. 687, 689, 691; State v. Anderson, 189 Mo. App. 611; State v. Doyle, 68 Mo. App. 219. (2) The abandonment must have been without the consent of the wife. If she consents to the abandonment there is no crime and defendant should be discharged. State v. Macklin, 86 Mo.

App. 636; State v. Weber, 48 Mo. App. 504.    (3)    If the indictment attempts to rest on the 1921 act it is insufficient in that the Act of 1921 makes the abandonment and the failure to support separate offenses and they should be set out in separate counts in the indictment for the defendant cannot be tried on both at the same time.  They require separate and distinct proof and are not interdependent.   State v. Healey, 50 Mo. App. 243; State v. Murphy, 47 Mo. App. 274; State v. Green, 24 Mo. App. 227.    (4)    The court erred in refusing defendant's instruction as offered and set out on page 70 of the abstract or Bill of Exceptions because under the law as set out in section 3274 of Revised Statutes of 1919, and under which the indictment is drawn, the abandonment and failure to support are used conjunctively.   State v. Fuchs, 17 Mo. App. 458; State v. Linck, 61 Mo. App. 161; See other cases cited under section 1 of brief and State v. Satchwell, 68 Mo. App. 39.


No brief for respondent.


COX, P. J.—Appeal from a conviction for wife abandonment.

The charging part of the information is as follows: "That Everett Thomas on or about the 2nd of July, 1921, at the said County of Shannon, State of Missouri, did then and there, being the lawful husband of one May Thomas who was then and there his lawful wife, did unlawfully, knowingly and wilfully and without any good cause whatever abandon and desert, fail, neglect and refuse to support her, the said May Thomas, and from the said second day of July, 1921, did, unlawfully, wilfully and without good cause, fail, neglect and refuse to maintain and provide for her, the said May Thomas, against the peace and dignity of this State."

This information is assailed on the ground that it is multifarious, the claim being that two offenses—abandonment and failure to support—are charged in the same action.  No motion to quash was filed and no attack upon the information made before the trial and since the two

charges, if they be considered as two separate offenses, are not repugnant to each other and entail the same punishment, the information must be held good after verdict. [State v. Klein, 78 Mo. 627; State v. Harrison, 62 Mo. App. 112, 115.]

The information, however, is not open to the objection, of being multifarious. The present statute, Acts of 1921, page 281, makes it a misdemeanor for a man without good cause to abandon or desert his wife or fail, neglect or refuse to maintain and provide for her. It is contended that the abandonment without good cause constitutes one offense and failure or refusal to support without good cause is another offense and therefore the two cannot be joined in the same count. While the two acts of abandonment and failure to support are separate acts and in one sense may be considered as separate offenses, yet they are both found in the same section of the statute and both grow out of a man's disregard of his marital duty to his wife and but one punishment is provided in the statute defining the offense and since the disjunctive ''or'' instead of the conjective ''and'' is used in connecting the two acts, it is clear that the Legislature meant that either act denounced by the statute would subject the offender to the punishment therein provided and there is nothing in the act to warrant a duplicate penalty if he should commit both acts. He cannot therefore be charged in separate counts and a separate punishment assessed for each act, which could be done if appellant's contention should be upheld. Criminal statutes are to be strictly construed in favor of the accused and where different acts are prohibited by the same section of the statute and but one punishment provided, it is usually, if not universally, held that but one offense is defined and while a party may be convicted on proof of the commission of one of the forbidden acts only, yet if he be proven to have committed all of them, he is still guilty of but one offense and cannot have more than one penalty assessed against him. [State v. Murphy, 47 Mo. 274; State v. McWilliams, 7 Mo. App.

99; State v. Young, 163 Mo. App. 88, 98, 146 S. W. 70; State v. Miller, 188 Mo. 370, 377, 87 S. W. 484; St. Louis v. Theatre Co., 202 Mo. 690, 698, 100 S. W. 627.]

Objection is made here that the offense in the case should have been restricted to what occurred since the Act of 1921 went into effect which was on June 20, 1921, or if the prosecution was under the statute prior to the amendment in 1921, then the testimony should have been confined to time prior to that date. That question is not before us for the reason that the question was not raised in the trial court. No motion to require the State to elect was filed. No objection to testimony on that ground was made and no instruction on that point asked.

It is contended by appellant that no case was made by the State for the reason that there was no evidence that either the abandonment or the failure to support was without good cause. This contention seems to be well founded. It seems to be the well settled rule in this State that in criminal, as well as civil cases, when it is necessary to allege a negative and the existence of that fact is not peculiarly within the knowledge of the accused, then the negative allegation must be proven the same as any other fact. [State v. Greenup, 30 Mo. App. 299; State v. Brinkman, 40 Mo. App. 284; State v. Boyer, 44 Mo. App. 393; State v. Bruening, 60 Mo. App. 51; State v. Doyle, 68 Mo. App. 219; State v. Satchwell, 68 Mo. App. 39; State v. Teitz, 186 Mo. App. 672, 172 S. W. 474; State v. Anderson, 189 Mo. App. 611, 175 S..W. 259.]

It would have been an easy matter for the State to have shown by the wife how she had treated her husband and whether or not he had good cause to abandon her. The State could also have shown the ability of defendant to support his wife but no evidence was offered on either of these questions. The abandonment and refusal to support were both very clearly shown but there was no evidence that either of these occurred without good cause.

The judgment will be reversed and cause remanded. *Farrington, J.,* and *Bradley, J.,* concur.