STATE OF MISSOURI, RESPONDENT, v. C. L. COFFEE, APPELLANT.—35 S. W. (2d) 969.

In the Springfield Court of Appeals. Opinion filed February 23, 1931.

*J. F. Fulbright* and *Lorts* and *Breuer*, for appellant.

*George D. Sloan* for respondent.

BAILEY, J.—Defendant was found guilty upon an information charging him with working, and permitting those in his employ to labor, on Sunday, and his punishment was assessed at a fine of $10. Defendant has appealed.

Defendant's first point is that the trial court erred in over-ruling defendant's motion to quash the information, the material part of which is as follows: "George D. Sloan, prosecuting attorney within and for Ripley County, based on the affidavit of Charlie Young, herewith filed and upon his oath of office, informs the court that C. L. Coffee, at and in the County of Ripley and State of Missouri, on the 22nd day of September, 1929, unlawfully did labor and did permit his servants and those under his employ to labor in the con-

struction of a high line, on the first day of the week, commonly called Sunday, said labor and the construction of the high line not being a household office of daily necessity, or other work of necessity or charity, against the peace and dignity of the State.''

It is urged that the information charges two separate and distinct offenses in the same count and should have been quashed for duplicity. The information is based on Sec. 3596, Revised Statutes 1919, which provides that, ''Every person who shall either labor himself or compel or permit his apprentice or servant to labor or perform any work other than household offices of daily necessity, or other works of necessity or charity on the first day of the week, commonly called Sunday, shall be deemed guilty of a misdemeanor and fined not exceeding fifty dollars.'' It is evident that the information follows the language of the statute. It charges defendant with both laboring himself and permitting his servants to work on Sunday. It is well settled, as urged by defendant, that an information charging two separate and distinct offenses in one count is bad for duplicity. [State v. Huffman, 136 Mo. 58, 37 S. W. 797; State v. Young, 215 S. W. 499.]

However, it is equally well settled that where a statute enumerates offenses in the alternative and provides one and the same punishment therefor, if such offenses are not repugnant, an information charging all of such offenses conjunctively in one count is not open to the objection of duplicity or multifariousness. [State v. Spano, 6 S. W. (2d) 849; State v. Currier, 125 S. W. 461, 225 Mo. 642; State v. Young, 163 Mo. App. 88, 146 S. W. 70; State v. Pittman, 76 Mo. 56; State v. Jenkins, 255 S. W. 338; State v. Thomas, 210 Mo. App. 493, 240 S. W. 857; State v. Boyd, 196 Mo. 52, 94 S. W. 536.]

In the case at bar the information charges the two offenses conjunctively. It is apparent the offense of laboring and the offense of permitting one's servants to labor on Sunday are not repugnant, and a violation of either or both constitutes but one offense under the statute. The trial court limited the jury by its instruction to the charge of defendant permitting his servants to labor, which was proper for the reason there was no evidence that defendant, himself, performed any labor on Sunday. In any event, we find no error in over-ruling the motion to quash.

Error is assigned in the refusal of the court to sustain defendant's demurrer to the evidence. Defendant raised the statutory defense that the labor alleged to have been committed by him and those under his control was a work of necessity. It is urged that the evidence showed this to be true and that it was therefore the duty of the trial court, under the provisions of Sec. 3596, supra, to direct a verdict for defendant. The evidence tending to show that defendant C. L. Coffee was in charge of a force of men engaged in erecting

a "high line" to connect the City of Doniphan, Missouri, and other small towns with the "high line" of the Arkansas-Missouri Power Company, so as to afford electric current to users thereof in said communities. There was evidence tending to show that defendant, while in charge of the work, was present and permitted men under his control to labor in the work of erecting this high line on Sunday, September 22, 1929. The work not being of apparent necessity the state thus made a prima-facie case against defendant and the burden of showing that the labor performed was a work of necessity rested on defendant. [State v. Wellott, 54 Mo. App. 310; State v. Schatt, 128 Mo. App. 622, 107 S. W. 10.]

Defendant, to sustain this burden, introduced the testimony of a number of citizens of Doniphan and other communities tending to show that the electric power plant at Doniphan, from which was obtained the electric current for lighting these towns and homes, was in bad condition and a complete break down was probable and expected at any time, so that it was necessary to make the connection with the main high line as soon as possible. There was also evidence that the new connecting line was being constructed over low, swampy land which, it is said, necessitated rushing the work during the dry season. These witnesses stated the facts as they seem to have existed and now defendant says the trial court should have declared as a matter of law that the work fell within the statutory exception, i. e., that it was a work of "necessity." The courts have met with great difficulty in attempting to define the word "necessity" as used in our statute and that of many other states prohibiting Sunday labor. Our Supreme Court has ruled that, "The meaning of the word 'necessity' has been the subject of controversy in a large number of the conflicting decisions on this subject. That word should be construed reasonably and neither too literally or liberally. By the word 'necessity' in the Sunday law, we are not to understand a physical and absolute necessity, but a moral fitness or propriety of the work and labor done under the circumstances of the particular case may well be deemed a necessity within the statute." [State v. R. R., 239 Mo. 1. c. 213.] The Supreme Court further reviews many authorities and the subject is thoroughly discussed in the several opinions filed by different members of the court in that case. In deciding whether or not the circumstances of this case exempted defendant from the penalty of the law, the rule we think should be followed is ably set forth by the St. Louis Court of Appeals in the case of State v. Schatt, supra, wherein it is said: "First, if the proposition be clear that the particular act of labor performed is one of necessity; that is to say, if the labor is so clearly a work of necessity that no two reasonable minds would differ thereabout, the court may treat it as a matter of law, identically as in other cases, and under such circumstances, no doubt, would be justified in so

declaring. Second, on the other hand, if the question is one about which reasonable minds might well differ, it is then essentially one of fact, and as such, within the province of the jury. And third, if the proof is so clear that no two reasonable minds could differ on the proposition, that no possible element of necessity whatever entered into the particular act of labor performed, then the court may, as a matter of law, treat the case as falling within the penalties, and not within the exception to the statute as one of necessity or charity." [128 Mo. App. 1. c. 634.]

Applying the foregoing rule, it is our opinion the question was one for the jury in this case. The lighting of the cities involved was of course important. But whether or not the labor of erecting the "high line" on Sunday was one of "moral fitness and propriety," was not so clearly proven that men of reasonable minds might not differ on the question. The jury might have determined that the "necessity" had existed for some time and might have been anticipated before it was; or that the load might have been cut down or that additional men could have been employed to rush the work and thus avoid Sunday labor. It may have been more convenient to do the work on Sunday or during the dry season, but convenience is not the criterion. [State v. Stuckey 73 S. W. 735, 98 Mo. App. 664.] We believe the court did not err in refusing a peremptory instruction for defendant.

During the closing argument the state's attorney used the following argument to the jury: "What is the use to spend money prosecuting if you are not going to convict?" Objection was made and the court was requested to reprimand counsel. The trial court sustained the objection, saying: "Yes, that is improper." Exceptions were saved because the court failed "to rebuke counsel." It is urged that by these remarks the prosecuting attorney undertook to wring from the jury an unwarranted verdict and that such conduct constituted reversible error. In the trial of criminal cases remarks of this character are likely to creep in and unless prejudicial to defendant or calculated to unduly influence the jury by introducing extrinsic factors, do not constitute reversible error, particularly when the trial court has informed the jury of their impropriety. In many cases our courts have upheld verdicts and judgments in criminal trials where much stronger terms were used than in the case at bar. [State v. Dipley, 147 S. W. 111, 242 Mo. 461; State v. Strait, 279 S. W. 109; State v. Prince, 167 S. W. 535, 258 Mo. 315; State v. Baker, 108 S. W. 6, 209 Mo. 444; State v. Tedder, 294 Mo. 1. c. 390, 242 S. W. 889.]

In the present case the trial court promptly sustained defendant's objection to the argument and informed the jury such argument was improper. It is our opinion the remarks of the prosecutor had no

prejudicial effect on the jury which returned a verdict fixing defendant's punishment at $10, under a law permitting a fine of $50.

Objection is made to the action of the trial court in modifying and giving defendant's Instruction B, to read as follows: "The court instructs the jury that it is not unlawful to do a work of necessity on Sunday. The word 'necessity' may be defined in this case to be and include such work as is needful during the day for the good order, health or comfort of the community *but such necessity must be of such a character that it could not reasonably have been foreseen and guarded against.*" (Italics ours.) The language in italics was added by the court. It is our opinion this instruction as modified supplied a fair definition of the word "necessity" as contemplated by the statute and as applied to the facts of this case. [State v. Ohmer, 34 Mo. App. 115, l. c. 124; State v. Wellott, 54 Mo. App. 310.]

Finding no error, the judgment should be affirmed. It is so ordered. *Cox, P. J.* and *Smith, J.,* concur.