STATE ex rel. R. S. HOGAN, Respondent, v. CITY
OF WEST PLAINS, Appellant.

Springfield Court of Appeals, May 6, 1912.

1. **MUNICIPAL CORPORATIONS:** Extension of City Limits:
   Sufficiency of Ordinance: Notice of Election.   In an action by
   *quo warranto* to test the legality of an extension of the city
   limits of a city of the fourth class, the ordinance providing for
   the election at which such extension was voted, together with
   the notice of such election, are examined and *held* sufficient and

State ex rel. v. West Plains.

that the election thereunder was valid and that the trial court erred in rendering a judgment of ouster against the defendant.

2. ———: ———: **Power of Council.** By section 9300, Revised Statutes 1900, the board of aldermen of a city of the fourth class is made the sole judge as to when and in what manner the limits of the city may be extended or diminished, subject only to the approval of a majority of the legal voters of the city voting at an election therefor.

3. ———: ———: ———. Under the broad provision of the statute, relating to the extension of the city limits of a city of the fourth class, the question of the advisability of the extension and of the sufficiency of the notice of election for the purpose of voting upon the question of extension is left exclusively to the judgment of the board of aldermen, subject, however, to the general power of the courts to declare such ordinances or resolutions void for unreasonableness.

4. ———: ———: **Notice of Election: Publication of Notice.** The board of aldermen of a city of the fourth class passed an ordinance providing for the extension of the city limits, calling for an election to vote upon such extension and providing for the publication of said ordinance to serve as notice of such election for four weeks in a weekly newspaper in the city; the ordinance was published in a newspaper with a very small city circulation, but subsequently the board ordered the ordinance published in the daily edition, with a large circulation in the city; there was no claim of unfairness and no showing that better notice could have been given. *Held,* that the notice was sufficient and the election valid.

5. ———: ———: **Calling Election: Providing for Judges and Polling Places.** Where an ordinance providing for the extension of the city limits of a city of the fourth class, provided further that the question should be voted upon at the general city election and be conducted by the same judges and clerks, it was not necessary to make special provisions for naming the judges or selecting the polling places or other matters connected with the conduct of the election.

Appeal from Howell Circuit Court.—*Hon. C. H. Skinker,* Judge.

Reversed and remanded (*with directions*).

*O. L. Haydon* and *M. E. Morrow* for appellant.

(1) Section 9300, Revised Statutes 1909, grants an extraordinary latitude of discretion to the mayor

and board of aldermen in making extension of city limits, which discretion is not amenable to judicial review, except in a capital case. State ex rel. v. Birch, 186 Mo. 221. (2) Although the notice of an election for the extension of the city limits is defective, yet the casting of a large vote at such election, taken in connection with the defective notice, authorizes the conclusion that due notice was given. Haywood v. Guilford, 69 Mo. App. 1; State ex rel. v. Westport, 116 Mo. 582. (3) This presumption that due notice of the election was given exists under the rule that where the performance of a prior act is necessary to the legality of a subsequent act, proof of the latter carries with it a presumption of due performance of the former. Brownell v. Palmer, 22 Conn. 107; Knox County v. Bank, 147 N. S. 91. (4) Proof of order to publish notice of election is sufficient, even if the order was not obeyed by the proper officer. San Livis Obispo County v. White, 91 Cal. 432, 24 Pac. 864. (5) When there has been no fraud nor undue advantage taken, the acts of municipal corporations should not be strictly construed. State ex rel. v. Westport, 116 Mo. 582; State v. Swearingen, 128 Mo. App. 605. (6) Electors are presumed to know the general law fixing the time and places of general elections. George v. Township, 16 Kas. 72; Beal v. Roy, 17 Ind. 554; Westbrook v. Rosborough, 14 Cal. 180; Haddox v. County, 79 Va. 677; Salem ex rel. v: Young, 142 Mo. App. 160; State ex rel. v. Birch, 186 Mo. 205. (7) Where an election appears to have been fairly and honestly conducted it will not be invalidated by mere irregularities which are not shown to have affected the result, for in the absence of fraud the courts are disposed to give effect to elections when possible. State v. Swearingen, 128 Mo. App. 605; Sanders v. Lacks, 142 Mo. 255; State ex rel. v. Allen, 178 Mo. 576; McCrary on Elections (4 Ed.), sec. 225; Light Co. v. Lebanon, 163 Mo. 246; State ex rel. v. Andral, 216 Mo. 617; State ex rel.

v. Job, 205 Mo. 34; Sprague v. Norway, 31 Cal. 173; State v. Burbridge, 24 Fla. 112; Bacon v. Malzacher, 102 Ill. 663; Irwin v. Lowe, 89 Ind. 540; Lehlbach v. Haynes, 54 N. J. L. 77; People v. Cook, 8 N. Y. 67; Loomis v. Jackson, 6 W. Va. 613; Morris v. Vanlansingham, 11 Kas. 269; 15 Cyc. 372. (8) Statutes directing that an election shall be held in a certain manner, but does not declare that manner to be essential to the validity of the election or that its omission would render the election void, the statute is directory merely and not mandatory. State v. Swearingen, 128 Mo. App. 613; Bowers v. Smith, 111 Mo. 45; Hehl v. Guion, 155 Mo. 76; Parvin v. Winberg, 130 Ind. 561; Chapman v. State, 37 Texas Crim. 167. (9) Publication of the entire extension ordinance as passed by the mayor and board of aldermen is sufficient form of notice. State ex rel. v. Westport, 116 Mo. 582.

*Will H. D. Green*, Prosecuting Attorney, and *Green & Wayland* for respondent.

(1) Voters are entitled to know what they are voting on. State ex rel. v. Birch, 186 Mo. 218; Railroad v. Apperson, 97 Mo. 308. (2) We call the attention to the case of State ex rel. v. Martin, 83 Mo. App. 58, a case involving the adoption of a road law, where notice to voters was required in which the court declared: "The object of the notice is two-fold, that is, to advise the voters of the time and place of election, and to give them sufficient time to discuss the merits and demerits of the law, thus guaranteeing an intelligent vote on the subject." Therefore it seems to us that the argument of counsel overlooks one of the chief purposes of the notice. George v. Township, 16 Kas. 72; Beal v. Ray, 17 Ind. 554; People v. Porter, 6 Cal. 26; McKune v. Weller; 11 Cal. 49; People v. Martin, 12 Col. 409; Westbrook v. Rosborough, 14 Cal. 180; Haddox v. County, 79 Va. 677. (3) Relator was

entitled to know that his land was affected by the proposed change. State ex rel. v. Birch, 186 Mo. 218.

COX, J.—Action by *quo warranto* in which it is charged the defendant, City of West Plains, is unlawfully assuming to exercise jurisdiction over certain described territory. Judgment of ouster was rendered and defendant has appealed.

The city had voted to extend its limits and by such extension the territory involved in this case was taken into the city and the purpose of this proceeding is to test the legality of the election by authority of which the extension was made. The question of extending the city limits was voted upon at the same time as the regular city election for the election of city officers, April 7, 1908. The validity of the election is assailed upon two grounds: First, that the ordinance providing for the election is insufficient; second, that the notice of election was insufficient.

The city of West Plains is a city of the fourth class and the statute giving the city power to extend its limits is as follows: ". . . The mayor and board of aldermen of such city . . . with the consent of a majority of the legal voters of such city voting at an election therefor shall have power to extend the limits of the city over territory adjacent thereto and to diminish the limits of the city by excluding territory therefrom and shall in every case have power with the consent of the legal voters as aforesaid to extend or diminish the city limits in such manner as in their judgment and discretion may redound to the benefit of the city. *Provided,* that such election shall be held in accordance with the provisions of article 2, chapter 43, Revised Statutes Mo. 1909, and section 9302 of this article, and the same shall be held upon such notice and at such time and place, and the judges and clerks thereof shall be appointed and shall make their returns of the same in such manner as may be prescribed

by ordinance or resolution of such city." [Revised Statutes 1909, sec. 9300.] Article 2, of chapter 43, referred to in this section, contains the general provisions of the statute relating to elections. Section 9302 referred to herein provides that a general election for the election of elective officers shall be held in the city bi-ennially on the first Tuesday in April. That all city elections shall be held under the provisions of article 2, chapter 43, Revised Statutes 1909. That the polling places for all elections and the judges therefor shall be selected and specified by the board of aldermen by ordinance, resolution or otherwise and that the manner of making returns of the election shall be prescribed by ordinance.

The grant of power by the statute to the board of alderman of a city of the fourth class is a very broad one. By section 9300 the board is made the sole judge as to when and in what manner the limits of the city may be extended or diminished subject only to the approval of a majority of the legal voters of the city voting at an election therefor. When such election is called the notice to be given of such election is also left to their discretion. Under these broad provisions of the statute the question of the advisability of the extension or the sufficiency of a notice of election for the purpose of voting upon the question of extension of the city limits is left exclusively to the judgment of the board of aldermen. Their discretion, however, is subject to the general power of the courts to declare ordinances or resolutions relating thereto void for unreasonableness. This the courts will do in a proper case, either upon an inspection of the ordinance when its unreasonableness appears upon its face or upon proof of facts *aliunde* which show its unreasonableness. [St. Louis v. Theatre Co., 202 Mo. 690, 100 S. W. 627; State ex rel. v. Birch, 186 Mo. 205, 219, 85 S. W. 361.]

The ordinance providing for the submission to the voters of the city the question of extending the limits in.this case is assailed as insufficient. The title of the ordinance is as follows: "An ordinance concerning and extending the boundary line of the corporate limits of the city of West Plains, Missouri, calling the election for that purpose, designating the kind of a notice to be given of the election, and at a place to hold the same and appointing judges and clerks of the election." The ordinance itself is in substance as follows: Be it ordained by the board of aldermen of the city of West Plains, Missouri, as follows: Section 1. That by virtue of the consent of a majority of the legal voters of the city of West Plains at an election held in accordance with section No. 5896, chapter 91, article 5 and chapter 102, Revised Statutes of Missouri, A. D. 1899, on the 7th day of April, 1908, after giving of notice of the election as hereinafter provided, the consent of a majority of the legal voters of said city voting at said election therefor, the corporate limits of the city of West Plains, Missouri, are hereby extended and defined as follows: Section 2 described by metes and bounds the territory which it is proposed to take in, and then describes by metes and bounds the territory to be included in the entire city after the proposed extension is made. Section 3 provides: That the foregoing provisions shall be in force after their ratification by the legal voters of the city at an election therefor. Section 4 is in part as follows: "At the general election to be held in the city of West Plains, Missouri, on the 7th day of April, 1908, for the election of city officers there shall at, the same time and place, be held an election for the extension of the corporate limits of the city of West Plains, Missouri, as set out and defined in section No. 2 of this ordinance." Then follows provision for the form of ballot to be used. Section 5: "The same judges and clerks who shall act in holding the general

election for the election of city officers on the 7th day of April, 1908, are hereby appointed and designated as judges and clerks to act in holding the election for the extension of the city limits as herein provided for." Section 6: "Notice of the election to be held under this ordinance shall be given by publishing a full and true copy of this ordinance in at least one weekly newspaper printed and published in the city of West Plains, Missouri for four consecutive weeks, the last insertion to be not more than two weeks before the election."

This ordinance was passed January 13, 1908. It is objected that this ordinance does not provide for calling an election and is unintelligible because it was passed in January and section 1 recites that an election had been held in April of the same year and therefore the ordinance is meaningless. Section 1 standing alone would be open to the objections made against it but when we look to the entire ordinance we find that section 4 thereof does expressly provide a call for an election to vote upon the proposition to extend the city limits and fixes the time on April 7th, the day of the regular city election. Section 5 provides for judges and clerks and section 6 for notice of this election. Section 2 accurately describes the territory to be added and then gives what will be the boundaries of the city after the extension. When considered all together, the ordinance is sufficiently clear that anyone reading it would have no difficulty in ascertaining what the city was proposing to do and as notice was given by publication of the entire ordinance we think it sufficient in all respects.

It is next contended that the notice given of the election was not sufficient. The ordinance directs its publication for four weeks in a weekly newspaper published in the city, the last insertion to be not more than two weeks before the election. This was done by publication in the "West Plains Quill." This paper,

however, had only a few subscribers within the city
to its weekly edition, the number not exceeding twenty,
while there were two other weekly papers published
in the city each of which had approximately 250 sub-
scribers within the city.  The city contains about 3000·
inhabitants, about 600 of whom are legal voters.  On
these facts it is insisted that the publication in the
paper with only a few subscribers when there were
other papers within the city of a much larger circu-
lation was unreasonable and insufficient to give the
required notice to the voters and for that reason the
election is void.  It developed, however, that on March
9, 1908, the board of aldermen ordered the ordinance
published in the daily edition of the same paper for
two insertions.  This was done.  It was admitted that
the daily issue of the "Quill" had at the time a cir-
culation of 500 copies within the city.  It will thus be
seen that notice published in the daily would reach
twice as many people as it would have reached had it
been published in either of the weekly papers.  Since
the question of notice is left entirely to the board of
aldermen and there being no claim of unfairness or
misconduct on their part and no showing that any bet-
ter notice could have been given, we do not think that
we·would be justified in holding this notice void as
being unreasonable or insufficient.

The ordinance of submission provided that the
question should be voted upon at the general city elec-
tion and be conducted by the same judges and clerks.
It was therefore not necessary to make separate pro-
vision for naming the judges or selecting the polling
places and other matters connected with the conduct
of the election.  There is no contention that the reg-
ular city election was not held at the proper time and
conducted in the proper way and it is admitted that
the judges and clerks of that election acted as judges
and clerks of the election for the extension of the city
limits and that the vote as cast was duly cast up, re-

turned and certified. On April 13, 1908, after the election, an ordinance was passed reciting the fact of the election having been held on April 7th and declaring the result to be 280 votes in favor of the extension and eighty-seven against it and then providing that the city limits should be extended as provided in the ordinance of submission.

After a careful examination of this record, we are of the opinion that the election was valid and we are unable to find any facts to warrant the judgment of ouster rendered herein. The judgment will be reversed and cause remanded with directions to enter judgment in favor of defendant. All concur.